ADVOCATE FINANCIAL, L.L.C.
v.
JOSEPH F. LAHATTE, JR., L.L.C. D/B/A JOSEPH F. LAHATTE, JR. & ASSOCIATES, L.L.C, LAHATTE & ALVENDIA, A PROFESSIONAL LIMITED LIABILITY COMPANY, LAW OFFICE OF RODERICK ALVENDIA, L.L.C, JOSEPH F. LAHATTE, JR., AND RODERICK ALVENDIA
No. 2009 CA 0609.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
JAMES C. PERCY, WILLIAM D. LAMPTON, Attorneys for Plaintiff-Appellee Advocate Financial, L.L.C.
RONALD J. SAVOIE, Attorney for Defendants-Appellants, Joseph F. LaHatte, Jr. and Joseph F. LaHatte, Jr., L.L.C.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
In this collection dispute, the defendants, Joseph F. LaHatte, Jr. and Joseph F. LaHatte, Jr., L.L.C. d/b/a Joseph F. LaHatte, Jr. & Associates (collectively referred to as "LaHatte defendants") appeal a stipulated judgment rendered in favor of the plaintiff, Advocate Financial, L.L.C. ("Advocate"), awarding Advocate the principal and interest on various loans made by Advocate to Mr. LaHatte. Also before this court is a motion to supplement the record on appeal filed by Advocate. For reasons that follow, we deny the motion to supplement as moot, and we affirm the judgment of the trial court in compliance with Uniform RulesCourts of Appeal Rule 2-16.1(B).
Advocate is a finance company that lends money to lawyers, law firms, and their clients for the purpose of funding litigation costs and related expenses. Mr. LaHatte was an attorney licensed to practice law in Louisiana and practiced under three different law firm structures: (1) a sole proprietorship owned and operated by him and known as Law Offices of Joseph F. LaHatte, Jr.; (2) Joseph F. LaHatte, Jr., L.L.C. d/b/a Joseph F. LaHatte, Jr. & Associates ("LaHatte & Associates"); and (3) LaHatte and Alvendia, a Professional Limited Liability Company ("LaHatte & Alvendia"). On June 27, 2003, Mr. LaHatte was suspended from the practice of law for two years, with all but six months deferred, and subject to probation. See In re: LaHatte, XXXX-XXXX (La. 6/27/03), 851 So.2d 1024.
Prior to Mr. LaHatte's suspension from the practice of law and over the course of several years, Advocate and Mr. LaHatte entered into a number of agreements under which Advocate loaned money to Mr. LaHatte, his various firms, and his clients. Pursuant to commercial guarantees, Mr. LaHatte personally guaranteed repayment of the loans made to his various firms and clients. All of the promissory notes in connection with the loans have since matured, become past due, and remain unpaid.
Therefore, on July 23, 2003, Advocate commenced these proceedings to collect the alleged sums due and for a writ of sequestration. Named as defendants were Mr. LaHatte, individually; LaHatte & Associates; LaHatte & Alvendia; and the Law Office of Roderick Alvendia, L.L.C. ("Roderick Alvendia"). On August 22, 2003, LaHatte & Alvendia and Roderick Alvendia (collectively referred to as "Alvendia defendants") filed a motion to quash the writ of sequestration and a peremptory exception raising the objection of no cause of action. The LaHatte defendants did not join the Alvendia defendants in either the motion or the exception, but instead, filed an answer generally denying the allegations contained in the petition.
A hearing on the Alvendia defendants' exception and motion was held on January 12, 2004. At the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, the trial court issued written reasons for judgment concluding that "[t]he only remedy . . . Advocate has is to enforce the judgment against Joseph LaHatte personally ... Accordingly, the motion to quash the writ of sequestration is granted and the action to dismiss as to the defendants Roderick Alvendia and the Law Offices of Roderick Alvendia on the grounds of no cause of action is granted." On February 25, 2004, the trial court signed a judgment that provided:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be in favor of the defendants Joseph Lahatte Jr., LLC D/B/A Joseph Lahatte Jr. & Assoc., LLC, Lahatte & Alvendia, A Professional Limited Liability Company, Law Office of Roderick Alvendia, LLC, and Joseph Lahatte Jr., and against plaintiff Advocate Financial, LLC granting defendant's [sic] motion to quash and exception of no cause of action.
Notably, this judgment did not dismiss or dispose of Advocate's claims against either the Alvendia defendants or the Lahatte defendants.
Following the signing of the February 25, 2004 judgment, on March 5, 2004, Advocate filed a motion for new trial on the grounds that the trial court's judgment was contrary to the law and evidence, and alternatively, that a new trial should be granted in order to permit Advocate the opportunity to amend its petition to state a cause of action. Additionally, Advocate filed a motion for summary judgment against the LaHatte defendants.
In March of 2004, the proceedings were stayed pursuant to the Soldiers and Sailors Relief Act of 1940. On May 28, 2004, the trial court ordered the claims against the Alvendia defendants be severed from the claims against the LaHatte defendants and lifted the stay as to the LaHatte defendants. In response to the previously filed motion for summary judgment, the LaHatte defendants filed a peremptory exception raising the objection of res judicata, contending that the February 25, 2004 judgment was a final judgment that had dismissed Advocate's claims against the Lahatte defendants.
On November 12, 2004, the trial court signed a judgment providing as follows:
After hearing arguments of counsel and considering their briefs, the law, and the record, it is hereby ORDERED that the Exception of Res Judicata filed by the LaHatte Defendants be and is hereby DENIED, as the Court finds on its own motion that the Judgment of February 25, 2004 is contrary to its written reasons for judgment and holds that the variance between the written reasons for judgment and the Judgment of February 25, 2004 mandate that the Judgment of February 25, 2004 be modified. Accordingly, the Court holds that the February 25, 2004 Judgment was in error and, accordingly, the same be and hereby is REVERSED as to the LaHatte defendants and all references to the LaHatte defendants in the February 25, 2004 [judgment] be and are hereby DELETED. In all other respects, the Judgment of February 25, 2004 be and is hereby AFFIRMED. It is FURTHER ORDERED that the Motion for Partial Summary Judgment filed by Advocate be and hereby is DENIED.
On December 17, 2008, the parties filed a joint motion for stipulated judgment requesting that judgment be rendered in favor of Advocate and against Mr. LaHatte for the principal and interest on the loans, plus attorney fees in an amount to be determined at a later date. However, the joint motion for the stipulated judgment was expressly conditioned on Mr. LaHatte's reservation of his right to appeal the issue of whether the February 25, 2004 judgment was a final judgment on the merits in its favor and operated as a dismissal of Advocate's claims against Mr. LaHatte. A written judgment in accordance with the joint stipulation of the parties was signed on December 23, 2008, and it is from this judgment that Mr. LaHatte now appeals.[1]
On appeal, Mr. LaHatte essentially contends that the trial court erred in the November 12, 2004 judgment when it "reversed" its February 25, 2004 judgment on its own motion, because it was a final judgment as the delay for appealing that judgment had lapsed. We disagree.
Generally, a judgment sustaining a peremptory exception raising the objection of no cause of action determines the merits of a case, in whole or in part, and therefore, is a final judgment. See La. C.C.P. art. 1841. Furthermore, this court's appellate jurisdiction extends to "final judgments." La. C.C. P. art. 2083; Carter v. Williamson Eye Center, 2001-2016, p. 3 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Carter, 2001-2016 at p. 2, 837 So.2d at 44. The February 25, 2004 judgment in this matter, while specifically entering judgment in favor of the LaHatte defendants and the Alvendia defendants and against Advocate, did not contain the appropriate decretal language disposing of or dismissing Advocate's claims against those defendants. Thus, the February 25, 2004 judgment was fatally defective and could not be considered a final judgment for the purpose of an appeal. See Carter, 2001-2016 at p. 2, 837 So.2d at 44.
Furthermore, with regard to the November 12, 2004 judgment, essentially, it denied the LaHatte defendants' peremptory exception raising the objection of res judicata, denied Advocate's motion for summary judgment, and reformed or amended the February 25, 2004 judgment. Specifically, the trial court was amending its February 25, 2004 judgment to sustain the peremptory exception of no cause of action only as to the Alvendia defendantsthe defendants that actually filed the exception. Such an amendment would be a substantive amendment, and therefore, generally prohibited by La. C.C.P. art. 1951. However, the application of La. C.C.P. art. 1951 is limited to "final judgments." We have previously determined that the February 25, 2004 judgment was defective and could not be considered a "final judgment."
Nonetheless, even if the February 25, 2004 judgment was a final judgment, its substance could be amended by a timely application for a new trial. At the time the trial court rendered the November 12, 2004 judgment amending the February 25, 2004 judgment, Advocate's timely motion for new trial was still pending before the trial court. A trial court may amend a judgment on its own motion within the new trial delays or may "order a new trial on its own motion, even after the expiration of the delay for filing a motion for new trial, in cases in which one of the parties has filed either a motion for new trial or a motion for [judgment notwithstanding the verdict]." Horton v. Mayeaux, XXXX-XXXX, p. 7 (La. 5/30/06), 931 So.2d 338, 342; see also State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 266, 269, 34 So. 438 (La. 1903). Thus, the existence of Advocate's pending and timely filed motion for new trial provided the trial court with the opportunity to amend its judgment on its own motion. Accordingly, we find no error in the trial court's decision to amend the February 25, 2004 judgment to grant the peremptory exception raising the objection of no cause of action only as to the Alvendia defendants, and the judgment of the trial court is hereby affirmed.
Additionally, we note that Advocate has filed a motion to supplement the appellate record with the trial court's reasons for judgment on the February 25, 2004 judgment alleging that those reasons for judgment were not contained in the record lodged with this court, although they are a necessary part of the record. After reviewing the record in this matter, we note that although those reasons for judgment are not specifically listed in the index of the record, they are in fact contained in the record on page 618 and following. Therefore, Advocate's motion to supplement the appellate record is denied as moot.
All costs of this appeal are assessed to the defendants/appellants, Joseph F. LaHatte, Jr. and Joseph F. LaHatte, Jr., L.L.C. d/b/a Joseph F. LaHatte, Jr. & Associates.
AFFIRMED; MOTION TO SUPPLEMENT DENIED AS MOOT.
NOTES
[1] Generally, we recognize that "[a]n appeal cannot be taken by a party who confessed judgment in the proceeding in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." La. C.C.P. art. 2085. However, because the parties expressly conditioned the stipulated judgment on a reservation of LaHatte's right to challenge, on appeal, whether the February 25, 2004 judgment operated as a dismissal of Advocate's claims against Mr. LaHatte, we deem it appropriate to consider the merits of this appeal.