837 So.2d 43 (2002)
Shirley Mae CARTER
v.
WILLIAMSON EYE CENTER.
No. 2001 CA 2016.
Court of Appeal of Louisiana, First Circuit.
November 27, 2002.
Cazeline H. Dixon, Baton Rouge, Counsel for Claimant/Appellant Shirley Mae Carter.
Lawrence B. Frieman, Metairie, Counsel for Defendant/Appellee Williamson Eye Center.
Before: KUHN, DOWNING, and LANIER,[1] JJ.
KUHN, J.
Because we have no jurisdiction to review the rulings of the Office of Workers' Compensation ("OWC"), we remand this matter for further proceedings consistent with this opinion.
Claimant, Shirley Mae Carter, cut her finger while performing custodial duties for her employer, Williamson Eye Center. She ultimately filed a claim for workers' compensation disability benefits urging that the trauma associated with this accident caused her to develop fibromyalgia, which has prevented her from performing her custodial duties. The OWC issued a January 29, 2001 ruling that addressed the primary issues raised by the parties and concluded that Carter failed to bear her *44 burden of proof on the issues of disability and causation. This ruling, however, did not specifically order judgment in favor of or against anyone and did not specify the relief granted. Because the ruling had no such decretal language, we found it to be fatally defective. La. C.C.P. art. 1841; La. C.C.P. art.1918 and Official Revision Comment (a); La. C.C.P. Form 1271; Also see Rogers v. Custom Built Garage, 01-0356 (La.App. 1st Cir.3/28/02), 814 So.2d 693, 696 and Scott v. State, 525 So.2d 689, 690-691 (La.App. 1st Cir.1988), writ denied, 558 So.2d 1128 (La.1990). Accordingly, this court issued an order dated August 12, 2002, that ordered: 1) the parties to present a reformed judgment containing appropriate decretal language to the OWC; and 2) Workers' Compensation Judge Anthony P. Palermo to sign the judgment expeditiously and effect supplementation of the appellate record.
Workers' Compensation Judge Palermo signed a revised ruling on August 23, 2002. This revised ruling addressed the pertinent issues raised on appeal and specified which party prevailed on each issue but did not specifically identify: 1) the party in whose favor the ruling was ordered; 2) the party against whom the ruling was ordered; or 3) the relief that was granted or denied. In the absence of these specific provisions, we found that the ruling remained fatally defective. Pursuant to an order dated September 5, 2002, we again ordered the parties to present a reformed judgment, and we ordered that this be done within five days. We further ordered Workers' Compensation Judge Palermo to sign the reformed judgment and have the OWC supplement the appellate record within five days of its receipt.
On October 30, 2002, this court received a ruling dated September 12, 2002, that was apparently signed by someone other than Workers' Compensation Judge Palermo. Although counsel for both parties approved the form of the judgment, the text of the September 12, 2002 ruling is the same as the text of the August 23, 2002 ruling and, thus, it also does not comply with our September 5, 2002 order.[2] Thus, we must dispose of this matter in its current posture.
This court's appellate jurisdiction extends only to "final judgments." La. C.C.P. art.2083; Van ex rel. White v. Davis, XXXX-XXXX (La.App. 1st Cir.2/16/01), 808 So.2d 478, 483. Because the January 29, 2001, August 23, 2002 and September 5, 2002 rulings are defective in that they do not contain decretal language, we cannot consider them as final judgments for the purpose of an immediate appeal. La. C.C.P. art. 1915 B. Since this court lacks jurisdiction to review this matter, we remand it to the OWC for further proceedings. Assessment of appeal costs are to await a final determination of this suit.
REMANDED.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] We pretermit addressing whether this ruling is otherwise invalid because it was not signed by Workers' Compensation Judge Palermo.