934 So.2d 66 (2006)
Lucille JOHNSON, Sam Baker, Leatrice S. Drummond, Vyrom White, Juanita F. Whitley, and Joyce S. Veal
v.
MOUNT PILGRIM BAPTIST CHURCH, Rev. Dr. Irvin Briley, Jr., Ophelia Johnson, Mary Holloway, Letitia Briley Polar and Cynthia Robins.
No. 2005 CA 0337.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
Walter C. Dumas, Baton Rouge, Counsel for Plaintiffs/Appellants Lucille Johnson, Sam Baker, Leatrice S. Drummond, Vyron White, Juanita F. Whitley and Joyce S. Veal.
Winston G. DeCuir, Sr., Winston G. DeCuir, Jr., Brandon J. DeCuir, Baton Rouge, Counsel for Defendants/Appellees Mount Pilgrim Baptist Church, Rev. Dr. Irvin Briley, Jr., Ophelia Johnson, Mary Holloway, Letitia Briley Polar, and Cynthia Robins.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
GAIDRY, J.
This is an appeal from a trial court judgment sustaining the defendants' exception of no cause of action. For the following reasons, we remand this matter to the lower court for further proceedings.

DISCUSSION
Lucille Johnson, Sam Baker, Leatrice S. Drummond, Vyron White, Juanita F. Whitley, Dianne Cushenberry, and Joyce S. Veal, (collectively "Plaintiffs") filed suit in December 2004 against Mount Pilgrim Baptist Church, Reverend Dr. Irvin Briley, Jr., Ophelia Johnson, Mary Holloway, Letitia Briley Polar, and Cynthia Robins, (collectively "Defendants"), to prevent the merger of Mount Pilgrim Baptist Church with Mount Calvary Baptist Church and the creation of First Pilgrim Calvary Missionary Baptist Church. Plaintiffs' petition sought injunctive relief and declaratory judgment, as well as other relief. Defendants filed an exception of no cause of action, which was sustained by the trial court after a hearing. In sustaining the exception, the trial court stated that he was dismissing plaintiffs' claims. However, the judgment signed by the trial court on January 31, 2005 simply states:

*67 The Court, after considering the exceptions, evidence and supporting memorandum filed by both parties,
IT IS ORDERED, ADJUDGED, AND DECREED that the Defendants' Exception of No Cause of Action is granted for the reasons provided orally in open court this day.
This judgment, prepared by the plaintiffs' attorney and approved as to content and form by the defendants' attorney, does not dismiss plaintiffs' claims. This court's appellate jurisdiction extends to "final judgments." La. C.C.P. art.2083; Van ex rel. White v. Davis, 00-0206 (La.App. 1 Cir.2/16/01), 808 So.2d 478, 483. A judgment must be precise, definite, and certain. Vanderbrook v. Coachmen Industries, Inc., 01-0809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 01-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43. Because the January 31, 2005 judgment is defective in that it does not contain decretal language, we cannot consider it as a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B). This court lacks jurisdiction to review this judgment; therefore, we remand this matter to the lower court for further proceedings. Carter v. Williamson Eye Center, 01-2016, p. 3 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. Costs of this appeal are to be shared equally by the parties.
REMANDED.
DOWNING, J., concurs.