KEITH MONISTERE, HUSBAND OF/AND INGER MONISTERE AND MANCHAC ENTERPRISES, LLC D/B/A THE FUEL DOCK
v.
DOYLE RENO
No. 2009 CA 0718.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
BARRY J. LANDRY, Counsel for Plaintiffs/Appellants Keith Monistere and Inger Monistere and Manchac Enterprises, LLC d/b/a The Fuel Dock.
JOHN B. EDWARDS, Counsel for Defendant/Appellee Doyle Reno.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
In this appeal, plaintiffs seek review of the trial court's judgment dismissing their motion for preliminary injunction and granting defendant's motion for summary judgment. For the reasons that follow, we dismiss the appeal and remand this matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Keith and Inger Monistere and Manchac Enterprises, L.L.C, own a tract of land in Tangipahoa Parish, upon which they operate a business known as "The Fuel Dock." On October 9, 2008, plaintiffs filed a possessory action against defendant, Doyle Reno, the owner of a tract of land west of the property owned by plaintiffs. In their petition, plaintiffs asserted that the only means of ingress and egress to their property is through Harry Reno Lane, which crosses defendant's property. Plaintiffs asserted that Harry Reno Lane has been in existence and has been used by individuals for over thirty years. As such, plaintiffs asserted that they have a right of passage in accordance with La. C.C. art. 689 to use Harry Reno Lane, and that they have acquired a right of passage through their ancestors in title's ownership of the Fuel Dock property and their continued use of Harry Reno Lane for more than thirty years. Plaintiffs requested that the trial court recognize a right of passage on Harry Reno Lane in their favor and also requested damages. The plaintiffs subsequently amended their petition to seek a preliminary injunction to prohibit defendant from interfering with their use of Harry Reno Lane.
In response, defendant filed a motion for summary judgment asserting that plaintiffs are unable to establish by competent evidence that they and their ancestors in title have adversely possessed a servitude of passage on and across defendant's property for the requisite thirty years as required by La. C.C. arts. 740 and 3486.
Following a hearing on plaintiffs' request for a preliminary injunction and defendant's motion for summary judgment, the trial court rendered judgment in favor of defendant, dismissing plaintiffs' request for a preliminary injunction and granting defendant's motion for summary judgment. Plaintiffs now appeal from this judgment.

DISCUSSION
This court's appellate jurisdiction extends to final judgments. See La. C.C.P. art. 2083; Johnson v. Mount Pilgrim Baptist Church, 05-0337, p. 2 (La. App. 1st Cir. 3/24/06), 934 So. 2d 66, 67. Louisiana courts require that a judgment be precise, definite, and certain. Vanderbrook v. Coachmen Industries, Inc., 01-0809, p. 11 (La. App. 1st Cir. 5/10/02), 818 So. 2d 906, 913. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Johnson, 05-0337 at p. 3, 934 So. 2d at 67. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Vanderbrook, 01-0809 at pp. 11-12, 818 So. 2d at 913.
The judgment that is the subject of the instant appeal states:
A. There be judgment in favor of Defendant Doyle Reno and against Plaintiffs Keith Monistere, Inger Monistere, and Manchac Enterprises, LLC d/b/a The Fuel Dock dismissing Plaintiffs' Motion for Preliminary Injunction.
B. There be judgment in favor of Defendant Doyle Reno and against Plaintiffs Keith Monistere, Inger Monistere, and Manchac Enterprises, LLC d/b/a The Fuel Dock granting Defendant's Motion for Summary Judgment as there is no genuine issue of material fact that Plaintiff[s] have failed to acquire prescriptive title to a predial servitude of passage over the property of Defendant Doyle Reno herein at issue and which is more particularly described as follows ... ."
The judgment dismisses plaintiffs' request for a preliminary injunction.[1] However, the remainder of the judgment, though granting defendant's motion for summary judgment, does not dismiss any of plaintiffs' remaining claims. Accordingly, we find that this judgment is defective for lack of proper decretal language, and as such, it is not a final appealable judgment for purposes of an immediate appeal. See La. C.C.P. art. 1915(B).

CONCLUSION
For the foregoing reasons, we find that this court lacks jurisdiction to review the judgment at issue. Accordingly, we dismiss this appeal, without prejudice, and remand this matter to the trial court for further proceedings. See Carter v. Williamson Eve Center, 01-2016, p. 3 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. Assessment of costs of appeal is to await final disposition of this matter.
APPEAL DISMISSED, WITHOUT PREJUDICE, AND REMANDED.
NOTES
[1] We note that an appeal may be taken from an order or judgment relating to a preliminary injunction. However, the appeal must be taken, and any required bond must be furnished, within fifteen days from the date of the order or judgment. La. C.C.P. art. 3612 (C). Though the instant appeal was filed within fifteen days of the judgment dismissing the request for preliminary injunction, the appeal bond was not submitted until over thirty days from the date and notice of judgment. Accordingly, the appeal from the dismissal of plaintiffs' request for a preliminary injunction is also untimely.