KUHN, J.,
concurs in the result and assigns additional reasons.
liThe Louisiana Code of Civil Procedure does not provide for the rendition of money judgment in an action for declaratory judgment. Pursuant to La. C.C.P. art. 1871, function of a declaratory judgment is simply to establish or clarify the rights of the parties without ordering anything to be done or making any specific award of relief. La. C.C.P. art. 1871, Official Revision Comments; Trans Louisiana Gas Company v. Louisiana Insurance Guaranty Association, 93-2287 (La.App. 1st Cir.3/3/95), 652 So.2d 686, 689, writ not considered, 95-0853, 653 So.2d 555 (La.4/21/95); Watts v. Aetna Casualty and Surety Company, 574 So.2d 364, 372 (La.App. 1st Cir.), unit denied, 568 So.2d 1089 (La.1990).
Further, there has been no valid judgment declaring the respective rights and duties of the parties regarding any duty to defend or the reimbursement of defense costs and attorney’s fees. Contrary to Southgate’s contentions, the trial court’s October 25, 2011 judgment merely states that partial summary judgment is granted in favor of Southgate and that the court reserves the right to review the reasonableness of attorney’s fees without actually declaring any specific rights or duties of the parties. The judgment fails to state the specific relief being granted or denied on the petition for declaratory judgment. Due to the lack of decretal language, the judgment is fatally defective and, therefore, does not establish any rights between the parties. See La. C.C.P. art. 1841; Carter v. Williamson Eye Center, 01-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43, 44; Johnson v. Mount Pilgrim Baptist Church, 05-0337 (La.App. 1st Cir.3/24/06), 934 So.2d 66, 67.