NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-663


SUCCESSION OF THEODULE NOEL

VERSUS

CATHERINE NOEL


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 102492
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.


APPEAL DISMISSED AND CASE REMANDED.


Thomas Reginald Hightower, Jr.
Attorney at Law
Post Office Drawer 51288
Lafayette, Louisiana 70505
(337) 233-0555
COUNSEL FOR APPELLEES:
    Bryan E. Lege
    Ralph E. Kraft
    Kraft, Lege, L.L.C.

**R. Chadwick Edwards, Jr.**
**Edwards & Edwards**
**Post Office Box 217**
**Abbeville, Louisiana 70511-0217**
**(337) 893-2884**
**COUNSEL FOR APPELLANTS:**
 **Samuel J. Noel, Succession Executor for Theodule P. Noel**
 **Samuel J. Noel**
 **Samuel J. Noel, Mandatary of Irene Noel**

**Ralph Edward Kraft**
**Bryan E. Lege**
**Kraft Lege, L.L.C.**
**600 Jefferson Street, #410**
**Lafayette, Louisiana 70501**
**(337) 706-1818**
**COUNSEL FOR APPELLEE:**
 **Catherine A. Noel**

**Charles R. Sonnier**
**The Sonnier Firm**
**2 South Magdalen Square**
**Abbeville, Louisiana 70510**
**(337) 893-5973**
**COUNSEL FOR APPELLEE:**
 **Catherine A. Noel**

**R. Chadwick Edwards, Jr.**
**Post Office Box 217**
**Abbeville, Louisiana 70511-0217**
**(337) 893-2884**
**IN PROPER PERSON**

**COOKS, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Samuel J. Noel (individually and as independent executor of the Succession of Theodule P. Noel and as the mandatary of Irene Joyce Noel), to show cause 1) why the appeal should not be dismissed as premature under La.Code Civ.P. art. 2087(D), and 2) why the appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. For the reasons given herein, we hereby dismiss this appeal and remand this case for further proceedings in accordance with this court's ruling.

Theodore P. Noel, Sr., and Joyce Trahan Noel, both now deceased, were husband and wife who owned immovable property located in Vermilion Parish. The following four children, who are now adults, were born of the Noels' marriage: Catherine A. Noel; Samuel J. Noel; Christine Noel Davenport; and Theodule P. Noel, Jr. During their lifetime, Irene and Theodule, Sr., established estate distribution plans for distributing their property to their children. The family attorney, Chadwick Edwards, was hired to prepare acts of donation, farm leases, and wills for the Noels. Each child was given an intervivos donation of a piece of property, and the properties were then leased to Irene and Theodule, Sr. Also, pursuant to the wills, which were prepared in 2005, Theodule, Jr.; Christine; and Catherine were supposed to inherit property via Irene's will, and Samuel Noel was supposed to inherit via Theodule, Sr.'s will.

On January 12, 2006, Irene executed a power of attorney making her son, Samuel, her mandatary with the authority to conduct various acts, including the sale and transfer of property, on her behalf. Between 2008 and 2011, Thoedule, Sr., and Samuel, in his capacity as Irene's mandatary, executed several sales of Irene and Theodule, Sr.'s property. The property sold included separate and community

property that had been listed in Irene's will as mortis causa donations for Irene's other three children, namely, Theodule, Jr.; Christine; and Catherine. The property was sold to Samuel; his wife, Pamela Andrepont Noel; his business partner, Ross Hebert; and Dr. Samuel Schuffler. Samuel also sublet some of Irene's farm property to third parties.

Irene died on January 19, 2012, and her succession was opened on January 30, 2012. On January 15, 2013, Theodule, Jr.; Christine; and Catherine filed a lawsuit, which is related to the instant lawsuit and which is referred to as the "Suit to Cancel Real Estate Transactions", against Theodule, Sr., and Samuel Noel, seeking rescission of the real estate transactions on the ground that Irene had lacked the capacity to give Samuel her power of attorney. Theodule, Sr., filed a reconventional demand seeking to revoke intervivos donations that he had made to Theodule, Jr.; Christine; and Catherine on grounds of ingratitude. Although Irene's succession is not and has never been under administration, the parties agreed to have Catherine appointed as a special executrix for the Succession of Irene so that the succession could intervene in the "Suit to Cancel Real Estate Transactions." The "Suit to Cancel Real Estate Transactions" has previously come before this court on appeal under this court's docket numbers 15-37 and 16-734.

Theodule, Sr., has now passed away also. The instant lawsuit was filed on October 20, 2016, by Plaintiff-Appellant, Samuel, both in his capacity as Irene's mandatary and in his capacity as the independent executor for the Succession of Theodule, Sr. The named Defendants for the instant lawsuit are: 1) Catherine, in her capacity as executrix for Irene's succession; 2) Kraft Lege, L.L.C. (Kraft Lege), formerly Kraft Gatz, L.L.C., and individual attorneys from that law firm, namely, Ralph E. Kraft and Bryan E. Lege, who had provided legal representation for

2

Theodule, Jr.; Christine; and Catherine in connection with the "Suit to Cancel Real Estate Transactions"; and 3) the legal malpractice insurer for Kraft Lege. Also, Theodule, Jr., and Christine intervened in the instant lawsuit raising claims against Samuel and Chadwick Edwards, Jr. (the family attorney), and Catherine filed a third party demand against Chadwick Edwards, Jr., for breach of fiduciary duty.

In the petition for the instant lawsuit, Samuel (hereinafter "Appellant") alleges that Catherine, as the executrix of Irene's estate, had a fiduciary duty to defend the titles and warranty deeds that were at issue in the "Suit to Cancel Real Estate Transactions" and a duty to disclose to Irene's legatees, creditors, and heirs the facts giving rise to any defects in the other lawsuit. Appellant accuses Catherine of breaching her fiduciary duties. Appellant contends that although Catherine, in her capacity as executrix for the Succession of Irene, intervened in the "Suit to Cancel Real Estate Transactions," the succession's claim has been dismissed and that ruling is final. Appellant maintains that because Catherine, in her individual capacity, was one of the Plaintiffs in the "Suit to Cancel Real Estate Transactions", and because those Plaintiffs had interests adversarial to the interests of Irene's succession, there was a conflict of interest between Catherine acting in her individual capacity and Catherine acting in her capacity as the executrix for Irene's succession. Therefore, Appellant asserts that with regard to the "Suit to Cancel Real Estate Transactions," Catherine should have obtained separate legal counsel to represent Irene's succession, instead of letting Mr. Kraft and Mr. Lege provide legal representation for both Irene's succession and the Plaintiffs (Theodule, Jr.; Christine; and Catherine).

Additionally, Appellant alleges that Kraft Lege and its individual attorneys, Mr. Kraft and Mr. Lege, provided substandard legal representation to the

Succession of Irene in connection with the "Suit to Cancel Real Estate Transactions." Thus, Appellant asserts that he (in his capacity as Irene's mandatary and in his capacity as Theodule, Sr.'s executor) is a third party beneficiary to the contract between the executrix and Kraft Lege. Appellant also asserts that he is entitled to reimbursement for the expenses that Theodule, Sr., incurred in defending the interest of Irene's succession. Also, Appellant asserts that since Irene's succession is not and has never been under administration, Appellant can directly bring an action against Kraft Lege, Mr. Kraft, and Mr. Lege for legal malpractice. Alternatively, Appellant seeks to bring an oblique action, under La.Civ.Code art. 2044, to force Catherine to assert a legal malpractice action against Kraft Gatz, Mr. Kraft, and Mr. Lege to pay for damages sustained by the Succession of Irene.

In response to the instant lawsuit, Kraft Lege, Mr. Kraft, and Mr. Lege filed exceptions of no right of action, no cause of action, res judicata, and lack of procedural capacity. Catherine filed exceptions of res judicata, lack of procedural capacity, improper joinder of a party, prescription, no cause of action, and no right of action. Catherine also filed a motion to dismiss on the ground of judicial estoppel. Additionally, Appellant filed a motion to disqualify Kraft Lege, Mr. Kraft, and Mr. Lege from serving as counsel for any party other than themselves in the instant lawsuit.

On March 1, 2017, the trial court held a hearing to address some of the exceptions and motions that had been filed by the parties. On April 11, 2017, the trial court signed a judgment granting the exceptions of no cause of action and denying the motion to dismiss on the ground of judicial estoppel. Also, the trial court deferred ruling on the exceptions of res judicata, lack of procedural capacity,

4

improper joinder of a party, and no right of action pending resolution of a separate appeal that had been filed under this court's docket number 16-734 in connection with "Suit to Cancel Real Estate Transactions." Although the April 11, 2017 judgment states that the trial court had denied the motion to disqualify counsel, the trial court subsequently issued a minute entry ruling, wherein it indicated that it did not intend to rule on the motion to disqualify until after a hearing is held on that motion at a later date. The notice for the April 11, 2017 judgment was mailed on April 17, 2017.

On April 24, 2017, Kraft Lege, Mr. Kraft, and Mr. Lege filed a motion for new trial arguing that the April 11, 2017 judgment should reflect that the exceptions of no right of action were granted along with the exceptions of no cause of action. That motion for new trial was originally scheduled to be heard on July 3, 2017. However, that hearing date has been continued, and the parties have advised this court that that motion for new trial is currently scheduled to be heard on December 11, 2017.

On April 6, 2017, Appellant filed, under this court's docket number 17-342, an application for supervisory writs, seeking review of the trial court's April 11, 2017 ruling which granted the exceptions of no cause of action filed by Catherine and the exception of no cause of action filed by Kraft Lege, Mr. Kraft, and Mr. Lege. In response to that writ application, this court rendered the following ruling on May 2, 2017:

> **WRIT DENIED.** We note that the judgment granting the exceptions of no cause of action fails to state which claims are being dismissed. Therefore, we find that the judgment is ambiguous and lacks proper decretal language. *See Johnson v. Mount Pilgrim Baptist Church*, 05-337 (La.App. 1 Cir. 3/24/06), 934 So.2d 66. Nonetheless, we find that once the judgment at issue is amended to include the proper decretal language, the judgment will either constitute a final judgment or

5

constitute a partial judgment under La.Code Civ.P. art. 1915(B). As such, Relator, Samuel J. Noel, will have adequate appellate remedy because he can appeal the judgment of right if the entirety of the suit is dismissed or is dismissed as to certain parties or he can request that the trial court designate the judgment as an appealable, final judgment if the judgment falls under the provisions of Article 1915(B). Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. Therefore, we deny the instant writ application.

On May 15, 2017, Appellant herein filed a motion for reconsideration of writ application number 17-342. That motion was denied by this court on May 17, 2017. Appellant has filed with the Louisiana Supreme Court a writ application that is currently pending.

Meanwhile, in response to this court's ruling on writ application number 17-342, the trial court signed a minute entry on May 5, 2017, ordering the parties to submit an appropriate amended judgment. However, the record does not indicate that an amended judgment containing the proper decretal language was submitted by the parties to the trial court. Rather, it appears that Appellant sought to have the judgment amended by filing a "Motion for Ex Parte Order Granting New Trial" on May 23, 2017.

By that motion, Appellant requests a rehearing on the exceptions that were previously heard and on all other related matters. Appellant appears to imply that his "Motion for Ex Parte Order Granting New Trial" is related to the motion for new trial which was previously filed on April 24, 2017, by Kraft Lege, Mr. Kraft, and Mr. Lege. However, in a letter dated May 22, 2017, counsel for Kraft Lege, Mr. Kraft, and Mr. Lege oppose Appellant's "Motion for Ex Parte Order Granting New Trial", asserting that Appellant's motion, which seeks to address "all related matters", goes beyond the scope of their motion for new trial, which addresses only

6

the exceptions of no right of action. On June 1, 2017, the trial court apparently attempted to deny Appellant's "Motion for Ex Parte Order Granting New Trial" by writing the word "Denied" diagonally across the proposed order for setting the previously-heard and the other pending matters for hearing.

In addition to filing the writ application under this court's docket number 17-342, Appellant also sought review of the trial court's April 11, 2017 judgment via an appeal. The motion for a devolutive appeal was filed on May 1, 2017, and the order of appeal was signed on May 8, 2017. The appeal was lodged in this court on July 21, 2017. As stated above, upon the lodging of the record in this appeal, this court issued a rule for Appellant to show cause why the appeal should not be dismissed as premature under La.Code Civ.P. art. 2087(D), and why the appeal should not be dismissed as having been taken from a judgment lacking the proper decretal language.

We find that the instant appeal is not properly before this court because the judgment sought to be appealed is ambiguous and lacks proper decretal language. In that regard, we note that this court has stated that "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc.*, 01-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

In the instant case, although the judgment at issue states that the exceptions of no cause of action are granted, the judgment fails to state which claims, if any,

are being dismissed. Therefore, we find that the judgment is ambiguous and lacks appropriate decretal language. *See Johnson*, 934 So.2d 66. Accordingly, we find that this case should be remanded to the trial court for the preparation of an amended judgment which includes proper decretal language.

Further, we note that if the amended judgment serves to dismiss only some of Appellant's claims, as opposed to dismissing the entire case or one or more of the parties, the judgment would constitute a partial judgment, thus requiring a designation of immediate appealabilty under La.Code Civ.P. art. 1915(B) before an appeal can be taken.

Additionally, we note that once the case is remanded and the April 11, 2017 judgment is amended to include proper decretal language, there are two outstanding motions for new trial which need to be addressed by the trial court before the case can proceed to an appeal. In that regard, we note that La.Code Civ.P. art. 2087(D) provides that "[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effectively upon denial of such motions."

The first motion for new trial that was filed in the instant case is the motion for new trial which was filed by Kraft Lege, Mr. Kraft, and Mr. Lege on April 24, 2017. We note that the parties have advised this court that a hearing on that motion for new trial is currently scheduled for December 11, 2017. Any appeal taken prior to the rendition of a judgment on that motion for new trial would be premature. *See* La.Code Civ.P. art. 2087(D).

The second motion for new trial that was filed in this this case was filed by Appellant on June 1, 2017. However, we note that the purported judgment on

Appellant's motion for new trial only includes the word, "denied," written across the proposed order for a hearing. In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court held that the notation "Denied," written across a proposed order for a hearing which had been attached to a motion for new trial is insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. Thus, in the instant case, we find the purported judgment on Appellant's motion for new trial to be insufficient to constitute a valid judgment on that motion.

For the foregoing reasons, we dismiss this appeal and remand this case to the trial court for further proceedings in accordance with this ruling.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.