NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-206

MELSHIKA BOWMAN

VERSUS

JUSTIN CROOKS, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20173730
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and Van H. Kyzar, Judges.


APPEAL DISMISSED.
MOTION TO DISMISS APPEAL DENIED.


Staci Knox Villemarette
Attorney at Law
Post Office Box 53951
Lafayette, LA 70505-3951
(337) 289-6906
COUNSEL FOR DEFENDANTS/APPELLEES:
    State Farm Mutual Automobile Insurance Company
    Justin Crooks

**Donovan J. O'Pry, II**
**John P. Barron**
**2014 West Pinhook Road, Suite 507**
**Lafayette, LA 70508**
**(337) 415-0007**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Melshika Bowman**

**SAUNDERS, Judge.**

This court, on its own motion, issued a rule to Plaintiff-Appellant, Melshika Bowman, to show cause why the appeal in the above captioned case should not be dismissed as having been taken from a judgment lacking proper decretal language. Also, Defendants-Appellees, Justin Crooks and State Farm Mutual Automobile Insurance Company (State Farm), filed a Motion to Dismiss Appeal. For the reasons that follow, we dismiss the appeal.

On August 30, 2016, Plaintiff was rear-ended by Defendant-Appellee, Mr. Crooks, who was insured by State Farm. A settlement agreement was reached by the parties, but when the checks were issued to Ms. Bowman for her injuries and to Bixenman Richardson Chiropractic Clinic for the medical care associated with her injuries, she notified State Farm that the amounts were not in keeping with the settlement agreement. Neither Plaintiff nor the clinic cashed the checks issued by State Farm.

Plaintiff subsequently filed suit against Defendants on June 26, 2017. In response, on February 21, 2018, Defendants filed a Motion to Enforce Settlement. Following a hearing, the motion was granted. Plaintiff sought a supervisory writ on June 14, 2018, which was denied as follows:

> **WRIT DENIED.** We note that the judgment granting Defendants' motion to enforce settlement agreement fails to state that Relator's claims are being dismissed. Therefore, we find that the judgment is ambiguous and lacks appropriate decretal language. *See Johnson v. Mount Pilgrim Baptist Church*, 05-337 (La.App. 1 Cir. 3/24/06), 934 So.2d 66.
>
> Nonetheless, we find that once the judgment at issue is amended to include the proper decretal language, the judgment will constitute a final, appealable judgment. *See Bourque v. Peter Kewit Son's Co.*, 11-11 (La.App. 5 Cir. 6/4/11), 73 So.2d 908. As such, Relator will have adequate appellate remedy because she can appeal the judgment granting the motion to enforce settlement. Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. Therefore, we deny the instant writ application.

In response to this court's ruling, Plaintiff filed a Motion to Amend Judgment in the trial court. Despite this court's ruling quoted above, the trial court denied the motion, stating, "[The court of appeal] didn't give me instructions to amend it . . . They have never been shy of giving me instructions to do more work. That has never been a problem that they have had. So right now there is nothing for me to do for the court of appeals' instruction on this writ return and denial." The trial court suggested that Plaintiff seek a rehearing of this court's ruling.

Plaintiff subsequently submitted a proposed judgment which included language designating the judgment as final and appealable. Defendants objected to the proposed judgment and submitted an alternate judgment which omitted the designation. The trial court executed the judgment submitted by Defendants on November 2, 2018, and notice of judgment was sent to the parties on November 9, 2018.

On December 10, 2018, Plaintiff filed a Notice of Intention to File for Supervisory Writ. The notice was denied by the trial court as untimely. On December 21, 2018, Plaintiff filed a Petition for Devolutive Appeal, which was granted by the trial court on January 7, 2019.

In Plaintiff's response to this court's rule, she argues that an appeal should not be dismissed for irregularities that are out of the control of the appellant, such as an incomplete record. La.Code Civ.P. art. 2161. Article 2161 reads:

> An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the

2

return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.

The alleged irregularity, error, or defect, Plaintiff maintains, is the failure of the trial court to designate the judgment as final and appealable, which is not imputable, attributable, or caused by Plaintiff.

Additionally, Plaintiff complains that despite this court's ruling, the trial court found that this court did not give instructions to amend the judgment; thus, the motion to amend the judgment was denied. The trial court's failure to include decretal language, Plaintiff urges, is imputable only to the trial court. As such, Plaintiff concludes that dismissal of the instant appeal under Article 2161 is not appropriate. Further, considering the current posture of the case, Plaintiff asserts that she has no other avenue to have the trial court's judgments reviewed by this court.

In Defendants' Motion to Dismiss, they argue that because the trial court did not designate the judgment on the Motion to Enforce Settlement, the appeal should be dismissed.

On appeal, Plaintiff seeks review of the trial court's denial of her motion to amend the judgment. We note that Plaintiff did not seek a writ of mandamus, the proper mechanism for enforcing this court's instruction for the trial court to amend the judgment. Pursuant to La.Code Civ.P. art. 3862, "[a] writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." Additionally, "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his

3

successor." La.Code Civ.P. art. 3863. "Ministerial duties are duties in which no element of discretion is left to the public officer. A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law. (citations omitted)." *Hoag v. State*, 04-0857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024.

The trial court has not yet complied with this court's instruction to amend the judgment granting Defendants' motion to enforce the settlement. We remand this case to the trial court and hereby order the trial court to amend the judgment using proper decretal language granting the Motion to Enforce Settlement and dismissing the claims of Melshika Bowman without prejudice. We find that this court does not have jurisdiction to grant the relief sought by Plaintiff in this appeal. *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909. Thus, without jurisdiction, this court cannot review the trial court's refusal to amend the judgment granting the motion to enforce the settlement. Accordingly, we hereby dismiss the instant appeal without prejudice at Plaintiff's cost. Defendants' Motion to Dismiss the appeal is thereby rendered moot; therefore, we deny Defendants' Motion to Dismiss the appeal.

**APPEAL DISMISSED.**
**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.