**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

JEW

LH

2019 CA 0149

UNIVERSITY MEDICAL CENTER

VERSUS

KEN SCHNAUDER IN HIS OFFICIAL CAPACITY AS EXECUTIVE
DIRECTOR OF THE LOUISIANA PATIENT'S COMPENSATION FUND AND
THE LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT
BOARD AND RYAN KELLEY

JUDGMENT RENDERED:    OCT 2 3 2019

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C-670042
The Honorable Wilson Fields, Presiding Judge

* * * * * * *

Conrad Meyer
Charles O. Taylor
Sarah L. Christakis
Metairie, Louisiana

ATTORNEYS FOR APPELLANT
PLAINTIFF—University
Medical Center


David A. Woolridge, Jr.
Brent J. Bourgeois
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLEES
DEFENDANTS—Ken Schnauder,
in his Capacity as Executive
Director of the Louisiana
Patient's Compensation Fund
and the Louisiana Patient's
Compensation Fund Oversight
Board


Ravi K. Sangisetty
Michael E. Lillis
Parker Hutchinson
New Orleans, Louisiana

ATTORNEYS FOR APPELLEE
DEFENDANT— Ryan Kelley

McClendon, J. dissents for reasons assigned

\* \* \* \* \* \* \*

**BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.**

2

**WELCH, J.**

University Medical Center ("UMC") appeals a judgment of the trial court denying its petition for a writ of mandamus directed to Ken Schnauder, in his official capacity as the Executive Director of the Louisiana Patient's Compensation Fund and the Louisiana Patient's Compensation Oversight Board (collectively "the PCF"). For reasons that follow, we dismiss this appeal and issue this opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

On June 6, 2018, UMC filed a Petition for Writ of Mandamus against the PCF and Ryan Kelley seeking to compel the performance of a purported ministerial duty by the PCF. After a hearing on September 20, 2018, the trial court denied UMC's petition for a writ of mandamus and a judgment in accordance with the trial court's ruling was signed on October 16, 2018. From this judgment UMC has appealed, arguing that the trial court abused its discretion in denying its petition for a writ of mandamus.

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.**, 2011-0520 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied. 2012-0360 (La. 4/9/12), 85 So.3d 698. This Court's appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part. See La. C.C.P. art. 1841 and 2083.

A valid judgment must be "precise, definite, and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. Additionally, a final appealable judgment must contain

3

appropriate decretal language disposing of or dismissing claims in the case. **Advocate Financial, L.L.C. v. Joseph F. Lahatte, Jr., L.L.C.**, 2009-0609, p.5 (La. App. 1st Cir. 10/23/09)(*unpublished*). A judgment that does not contain appropriate decretal language cannot be considered as a final judgment for the purpose of an appeal, and this court lacks jurisdiction to review such a judgment. See **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So.2d 66, 67.

In this case, while the October 16, 2018 judgment that UMC sought to appeal specifically denied its petition for a writ of mandamus, we find the judgment is defective and not a final judgment for the purpose of an appeal because it does not contain appropriate decretal language dismissing any claims or the petition. In the absence of a valid final judgment, this Court lacks jurisdiction to review the matter, and we dismiss the appeal from the October 16, 2018 judgment.[1]

## CONCLUSION

For all of the above and foregoing reasons, the appeal of the October 16, 2018 judgment is dismissed. All costs of this appeal are assessed to the appellant, University Medical Center.

**APPEAL DISMISSED.**

---

[1] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393, pp.2-4 (La. App. 1st Cir. 12/23/15) (*unpublished*). Furthermore, we also note that the denial of the petition for writ of mandamus, without a dismissal of the petition or any claims therein, renders the judgment interlocutory, and therefore it is neither appealable nor susceptible of being certified for immediate appeal. See La. C.C.P. art. 1841, 1911, 1915, and 2083.

4

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0149

# UNIVERSITY MEDICAL CENTER

# VERSUS

# KEN SCHNAUDER IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE LOUISIANA PATIENT'S COMPENSATION FUND AND THE LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD AND RYAN KELLEY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., dissenting.**

Although the judgment does not specifically dismiss any claims, it denies "Petitioner's Petition for Writ of Mandamus," which is clearly a dismissal of said petition. Thus, the nature of the specific relief granted by the trial court, *i.e.*, the denial of UMC's Petition for Writ of Mandamus, can be determined from the judgment without reference to an extrinsic source, such as pleadings or reasons for judgment. See **State through Morrell v. City of New Orleans through Landrieu**, 17-0110 (La.App. 4 Cir. 12/21/17), 234 So.3d 1071, 1077-78, writ denied, 18-0116 (La. 3/9/18), 237 So.3d 1192. Therefore, I disagree with the majority's conclusion that the judgment at issue is not final, and I would consider the merits.