NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0404

TCHEFUNCTE HARBOUR ASSOCIATION, INC.

VERSUS

THOMAS BRANIGHAN

*Judgment Rendered:* **MAR 0 1 2023**

\*\*\*\*\*\*\*\*

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2021-11742

The Honorable Raymond Childress, Judge Presiding

\*\*\*\*\*\*\*\*

Joshua D. Allison                        Counsel for Plaintiffs/Appellant
Covington, Louisiana                     Tchefuncte Harbour Association, Inc.


Wayne J. Jablonowski                     Counsel for Defendant/Appellee
Slidell, Louisiana                       Thomas Branighan


\*\*\*\*\*\*\*\*

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**LANIER, J.**

In this appeal, plaintiff challenges a judgment of the district court that sustained defendant's exceptions raising the objections of *res judicata*, no cause of action, and no right of action and awarded defendant $1,500.00 in attorney fees. Defendant answered the appeal, seeking an increase in the amount of attorney fees awarded below, as well as an award of attorney fees for the work done on appeal. For the reasons that follow, we dismiss both the appeal and the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

The matter before us involves a complicated procedural history between a homeowner, Thomas Branighan, and his homeowners' association, the Tchefuncte Harbour Association, Inc. ("THA"). On July 16, 2018, Mr. Branighan, the owner of Unit E-2 ("the townhome") in the Tchefuncte Harbour, A Planned Unit Development, filed a petition for writ of mandamus against THA and its president, Barbara Lewis, seeking an order for THA to perform certain modifications and structural repairs in his townhome community pursuant to the declarations and by-laws of the THA. The trial on the petition for writ of mandamus began on September 19, 2018, and was set to resume on December 5, 2018. However, according to the record, the parties began settlement negotiations and purportedly reached a settlement agreement, whereby in exchange for THA completing the work requested, Mr. Branighan would dismiss, with prejudice, the petition for writ of mandamus he had filed against THA and Mrs. Lewis. The settlement agreement also provided that THA would pay Mr. Branighan's attorney fees and costs in the amount of $5,256.40 and would pay all expenses, attorney fees, and costs incurred to enforce the settlement if any part of the agreement was not adhered to.

Thereafter, THA filed a "Motion to Enforce Settlement, Motion for Entry of Protective Order, and Motion to Tax Attorney's Fees and Court Costs," arguing

2

that despite the parties' valid and enforceable settlement agreement, Mr. Branighan continued to harass and disparage current and former THA board members and its counsel. Following a hearing on December 5, 2018, the district court granted the Motion to Enforce Settlement, attaching to the judgment a copy of the Receipt and Release Agreement ("Receipt and Release") that the parties had confected but had not yet signed. The court denied THA's remaining motions, including its motion for attorney fees and costs. A judgment in accordance with these findings was signed by the district court on January 3, 2019.

On March 16, 2020, Mr. Branighan filed a "Petition for Enforcement of Judgment and Settlement, for Contempt, for Writ of Mandamus and for Attorney Fees." Mr. Branighan argued that THA failed to comply with the requirements of the court's January 3, 2019 judgment and the terms of the Receipt and Release.

In response, on June 2, 2020, THA filed a "Motion to Enforce Settlement Agreement and Motion for Contempt," alleging that as THA had satisfied its obligations under the Receipt and Release, the only remaining obligation was that of Mr. Branighan to dismiss his petition for writ of mandamus. THA noted that the Receipt and Release "purported to compromise and settle the entirety of the dispute between the parties as set forth in the July 16, 2018 *Writ of Mandamus* and therefore amounts to a settlement agreement." THA further acknowledged that by virtue of the court's January 3, 2019 judgment, the Receipt and Release had become a lawful court order. Thus, THA asserted, Mr. Branighan should be held in contempt of court for willful violation of a court order.

The parties again began settlement negotiations in an effort to avoid further litigation. As set forth in a December 11, 2020 letter from THA's counsel to Mr. Branighan's counsel, the proposed settlement included the dismissal, with prejudice, of all pending suits and motions, THA's agreement not to follow through with a nuisance lawsuit against Mr. Branighan, and THA's agreement to "pay the

3

costs of the outstanding attorneys' fees" not to exceed $2,000.00. Thereafter, the parties moved for voluntary dismissal of all matters with prejudice. On January 8, 2021, the court signed an order dismissing, with prejudice, Mr. Branighan's "Petition for Enforcement of Judgment and Settlement, for Contempt, for Writ of Mandamus and for Attorney Fees." On January 13, 2021, the court signed an order dismissing, with prejudice, THA's "Motion to Enforce Settlement Agreement and Motion for Contempt."

On January 25, 2021, Mr. Branighan filed paperwork with the State of Louisiana for 4421 Properties LLC. Thereafter, on February 2, 2021, Mr. Branighan received a commitment from Metairie Bank for a loan in the amount of $485,000.00 for the purchase of commercial property located at 942 North Rampart Street, New Orleans, Louisiana.

Subsequently, on February 19, 2021, THA issued a Notice of Fine to Mr. Branighan, seeking to recover $78,344.54 in attorney fees and legal costs pursuant to Article VII, Section 9(b) of the Amended and Restated Declaration of Servitudes, Conditions and Restrictions of Tchefuncte Harbour, dated July 21, 2020, and Article VII, Section 8 of the Amended and Restated Declaration of Servitudes, Conditions and Restrictions of Tchefuncte Harbour, dated January 5, 2018. Attached to THA's Notice of Fine was an itemized listing of the "TOTAL ATTORNEY FEES AND LEGAL COSTS INCURRED BY THE BOARD ON BEHALF OF [THA] BECAUSE OF [MR.] BRANIGHAN" setting forth the following fees and costs:

1. Alker & Rather, LLC 7/30/18-7/31/19
   $22,712.60-Branighan

2. Joshua D. Allison, A Professional Law Corporation 7/25/19-1/26/21
   1-$16,838.63-Branighan Litigation #1-July 16, 2018 Lawsuit against [THA]
   2-$3,087.49-General Advices
   3-$10,412.02- Branighan Litigation #2-March 16, 2020 Lawsuit against [THA]

4

4-$9,922.80- Branighan Litigation #3-April 23, 2020 Lawsuit against [Mr. Branighan]
5-$4,352.25- Branighan Litigation #4-Nuisance Lawsuit against [Mr. Branighan]

3.    Breazeale, Sachse & Wilson, L.L.P. 5/29/20-7/21/20
      $11,018.75-Amendments to Declaration

On April 19, 2021, THA filed a "Petition for Monies Due" against Mr. Branighan, seeking to recover the fees and costs set forth in its previously issued notice of fine. In response thereto, Mr. Branighan filed exceptions raising the objections of *res judicata*, no cause of action, and no right of action. THA subsequently filed a first amended petition, acknowledging that the January 3, 2019 judgment rendered that portion of the February 19, 2021 Notice of Fine attributable to Alker & Rather, LLC "res judicata and therefore unenforceable." THA asserted that all other portions of the fine, totaling $55,631.94, remained enforceable.

On February 25, 2021, Mr. Branighan executed an act of conveyance, wherein he conveyed the townhome to 4421 Properties, LLC. On October 13, 2021, THA filed a motion to annul, seeking to annul the February 25, 2021 act of conveyance and to enjoin, restrain, or otherwise prohibit Mr. Branighan from transferring his immovable property located within the development managed by THA. Mr. Branighan's exceptions and THA's motion to annul were set for hearing on November 5, 2021, at which time the matter was argued by the parties and evidence was offered and introduced in support of the exceptions.

On November 16, 2021, the district court signed a judgment, providing, in pertinent part:

> **IT IS ORDERED** that the Exceptions of Res Judicata, No Cause of Action and No Right of Action filed on behalf of Thomas Branighan are hereby GRANTED.
>
> **IT IS FURTHER ORDERED** that Tchefuncte Harbour Association, Inc. shall pay to Tom Branighan the amount of $1,500.00 for attorney fees.

**IT IS FURTHER ORDERED** that the Motion to Annul Act of Conveyance filed on behalf of Tchefuncte Harbour Association, Inc. is rendered MOOT.

THA appealed.

## APPELLATE JURISDICTION

On May 6, 2022, this court, *ex proprio motu*, issued a rule to show cause finding an apparent defect in the November 16, 2021 judgment. Particularly, this court noted that the judgment was "ambiguous as to the relief" awarded and that it "merely enters judgment granting the exceptions ... but lacks decretal language disposing of and/or dismissing plaintiff's claims."

In response to the rule to show cause, THA filed an "Ex-Parte Unopposed Motion and Order for Execution of Amended Judgment and to Supplement Record on Appeal" in the district court, along with an amended judgment for the district court's signature. The district signed the amended judgment on June 30, 2022, providing, in pertinent part, as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of **DEFENDANT** and against **PLAINTIFF** sustaining *Thomas Branighan's Peremptory Exception of Res Judicata, Peremptory Exception of No Cause of Action, and Peremptory Exception of No Right of Action*, filed by **DEFENDANT, THOMAS BRANIGHAN**, on or about August 4, 2021.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of **DEFENDANT** and against **PLAINTIFF** awarding **DEFENDANT** attorney fees in the amount of $1,500.00.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of **DEFENDANT** and against **PLAINTIFF** dismissing *Motion to Annul Act of Conveyance Pursuant to Civil Code Article 2036 with Injunctive Relief and Incorporated Memorandum in Support*, filed by **PLAINTIFF, TCHEFUNCTE HARBOUR ASSOCIATION, INC.**, on or about October 13, 2021 as moot.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this judgment is a final judgment.

Before the appellate record was supplemented with these documents on July 20, 2022, this court issued an interim order on July 5, 2022, remanding the matter to the district court with instructions to sign an amended judgment correcting the deficiencies noted in the May 6, 2022 Show Cause Order. The July 5, 2022 order provided as follows:

A valid judgment must be precise, definite, and certain. **D'Luca v. Kirkland**, 2020-0713, 2020-0714 (La. App. 1st Cir. 2/19/21), 321 So.3d 411, 413. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Id.** at 413-14. These determinations should be evident from the language of a judgment without references to other documents in the record, such as pleadings and reasons for judgment. **Id.** at 414. As noted in this court's May 6, 2022 Rule to Show Cause Order, "[t]he November 16, 2021 judgment at issue merely enters judgment granting the exceptions of res judicata, no cause of action, and no right of action, but lacks decretal language disposing of and/or dismissing the plaintiff's claims." <u>See</u> **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So.2d 66.

Accordingly, we **REMAND THIS MATTER FOR THE LIMITED PURPOSE** of instructing the trial court to sign an amended judgment that corrects the foregoing deficiencies and complies with La. Code Civ. P. art. 1918, <u>see</u> La. Code Civ. P. arts. 1918 (A), 1951, and 2088 (A)(12), as amended by 2021 La. Acts No. 259.

The rule to show cause was thereafter referred to the merits of the appeal. Upon review of the June 30, 2022 amended judgment, this court found the judgment still lacking in decretal language. Despite further language in the judgment identifying the parties and the exceptions filed, including the statement that the "judgment is a final judgment," the amended judgment remained unclear as to whether all the claims asserted in the petition for monies due by THA against Mr. Branighan were not dismissed.

Accordingly, this court issued a second interim order on January 12, 2023, again noting the deficiencies and remanding the matter for the district court to sign another amended judgment. Similar to the July 5, 2022 interim order, this court's

7

January 12, 2023 order was very detailed as to what was required for this court's jurisdiction to attach:

> As noted in this court's July 5, 2022 interim order, the initial "November 16, 2021 judgment at issue merely enters judgment granting the exceptions of res judicata, no cause of action, and no right of action, but lacks decretal language disposing of and/or dismissing the plaintiff's claims." See **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So.2d 66. Similarly, the amended judgment entered by the trial court on June 30, 2022 grants the referenced exceptions, but does not dispose of and/or dismiss the plaintiff's claims. Cf. **Robertson v. Sun Life Financial**, 2009-2275 (La. App. 1st Cir. 6/11/10), 40 So.3d 507, 510 (wherein this court's appellate jurisdiction attached to review a judgment that granted an "exception of no cause of action and **dismissed with prejudice [plaintiff's] claims against [defendant]"** [emphasis added]) and **Misita v. St. Tammany Parish Government**, 2018-1595 (La. App. 1st Cir. 9/11/19), 286 So.3d 440, 442, writ denied, 2019-01877 (La. 1/28/20), 291 So.3d 1060 (wherein this court's appellate jurisdiction attached to review a judgment that sustained the defendant's "exception of no cause of action and **dismissed plaintiffs' petition with prejudice"** [Emphasis added])." Although the amended judgment reflects that the "judgment is a final judgment," it does not contain decretal language to indicate whether any or all of the plaintiff's claims are dismissed.
>
> Accordingly, we **REMAND THIS MATTER FOR THE LIMITED PURPOSE** of requesting that the trial court, in accordance with Article 1951, issue an amended judgment that specifically indicates if any or all of the plaintiff's claims are dismissed and complies with La. Code Civ. P. art. 1918, see La. Code Civ. P. arts. 1918(A), 1951, and 2088 (A)(12), as amended by 2021 La. Acts No. 259.

On January 25, 2023, the district court signed a second amended judgment, which consists solely of the following sentence: "In Accordance with the Interim Order of January 12, 2023, in Case Number 2022 CA 0404, this Court hereby amends its judgment of July 5, 2022 to include the decretal language 'dismissing all of the plaintiff's claims with prejudice.'" The appellate record was supplemented with this judgment on January 31, 2022.

A valid, appealable, final judgment must be precise, definite, and certain. It must contain appropriate decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the

relief that is granted or denied. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.,** 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Id.*

The district court's January 25, 2023 amended judgment is clearly not a valid, appealable, final judgment. As noted, the judgment references a prior "judgment of July 5, 2022" and purports to amend same by including decretal language "dismissing all of the plaintiff's claims with prejudice." However, there is no July 5, 2022 district court judgment in the record before us. Moreover, even if there was such a judgment, the January 25, 2023 amended judgment would still not be a valid, appealable, final judgment as it lacks sufficient decretal language, ascertainable from the four corners of the judgment. See **Rivault v. America Homeland, LLC,** 2019-1468 (La. App. 1 Cir. 9/21/20), 314 So.3d 73, 77. In the absence of appropriate decretal language, clearly stating the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied, the January 25, 2023 amended judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, we are constrained to find that this court lacks appellate jurisdiction to review this matter, and the appeal must be dismissed.[1] See **Advanced Leveling & Concrete**

---

[1] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto,** 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Nonetheless, we note that an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. See **Simon v. Ferguson,** 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So.3d 10, 14. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges,** 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *4 (unpublished).

9

**Solutions,** 268 So.3d at 1046-1047. ("[I]n the absence of a valid final judgment this court lacks subject matter jurisdiction and the appeal should be dismissed.")

### DECREE

For the above reasons, we dismiss the appeal of the January 25, 2023 amended judgment. We further dismiss the answer to the appeal filed by the defendant, Thomas Branighan, because it is based on a nonappealable judgment. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED.**