178 So.2d 778 (1965)
Richard E. DOWNEY
v.
Alton BELLUE et al.
No. 6601.
Court of Appeal of Louisiana, First Circuit.
September 29, 1965.
*779 Samuel M. Cashio, of Cashio & Cashio, Baton Rouge, for appellants.
Ben R. Miller, Jr., of Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
*780 LANDRY, Judge.
This matter is before us on two separate motions by plaintiff-appellee, Richard E. Downey, to dismiss the suspensive and devolutive appeals taken by defendants-appellants, Alton Bellue, and others, from the judgment of the trial court ordering appellants' eviction from certain real property belonging to plaintiff.
The judgment in question was orally rendered and entered on the minutes of the trial court on May 24, 1965, and was duly signed two days subsequently on May 26, 1965. Thereafter, on May 27, 1965, defendants applied for and obtained an order of suspensive and devolutive appeal which the trial court made returnable to this court on July 20, 1965, conditioned upon appellants furnishing suspensive appeal bond in the amount of $3,600.00. The appeal bond stipulated by the trial court was filed June 2, 1965.
On June 14, 1965, appellee moved this court to dismiss appellants' suspensive appeal on the ground the bond was not filed within 24 hours of rendition of the judgment of eviction as provided for by Article 4735 LSA-C.C.P.
The clerk of the trial court lodged the record and appeal in this court on the return day, July 20, 1965, on which said same date the filing fee required by the rules of this court was paid directly to the clerk of this court by counsel for appellants. Thereafter, on July 23, 1965, learned counsel for appellee moved this court to dismiss appellants' appeals because of appellants' alleged failure to pay the clerk of the trial court the costs of preparing and recording the appeal, including the filing fee required by the appellate court, not later than three days prior to the return date as provided by LSA-C.C.P. Article 2126.
Considering first appellee's motion to dismiss the suspensive appeal for failure of appellants to timely post the appeal bond specified by the trial court, we note LSA-C. C.P. Article 4735 which provides as follows:
"Art. 4735. Appeal; bond
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal."
The cited article unequivocally states that an appeal does not suspend a judgment of eviction unless the appellant, inter alia, files the appeal bond within twenty-four hours after rendition of the judgment of eviction. In the instant case it is unnecessary to determine whether "rendition" as used in the quoted article means oral pronouncement from the bench or the affixing of the trial court's signature to the written judgment. In either event, the record is clear the appeal bond in question herein was filed after expiration of the twenty-four hour period provided by LSA-C.C.P. Article 4735. Consequently, appellee's motion to dismiss the suspensive appeal appears well taken and must be granted.
Astute counsel for appellants argues that "the lower court has not divested itself of jurisdiction in this cause, and this motion is prematurely filed, and if same can or should be filed, it should be filed with the Nineteenth Judicial District Court." With this premise we do not agree. Appellee's motion to dismiss the suspensive appeal was filed after expiration of the twenty-four hour period following rendition of the judgment appealed. At that time the suspensive appeal taken by appellants *781 was vulnerable to a motion to dismiss for failure to comply with the provisions of the applicable codal authority. Appellee was within his rights to move dismissal of the suspensive appeal at any time following expiration of the aforesaid twenty-four hour delay period.
Counsel for appellants further argues this court is without jurisdiction to entertain appellee's motion to dismiss the suspensive appeal because of LSA-C.C.P. 2088 which provides that the jurisdiction of a trial court is divested "upon the timely filing of the appeal bond in the trial court." On this premise it is contended the trial court never lost jurisdiction insofar as concerns the suspensive appeal herein taken.
The answer to this argument is that it is the function of an appellate court to determine its own jurisdiction and the appellate court alone may determine whether an appeal is properly before it. Granting that a trial court may take certain action relative to an appeal before and after its jurisdiction is divested by the timely filing of the appeal bond, (See LSA-C.C.P. Article 2088), such power does not extend to the right to determine whether or not the appeal is properly before the appellate court. This latter right rests solely within the power and jurisdiction of the appellate court by virtue of its supervisory jurisdiction over the lower tribunal. Louisiana Constitution Article VII Section 29, as amended by Act 561 of 1958, adopted November 4, 1958. The motion to dismiss the suspensive appeal was timely filed and is properly before this court.
Appellee's motion to dismiss both the suspensive and devolutive appeals for alleged failure to timely pay certain costs to the clerk of the trial court is not well taken as will hereinafter appear.
As previously noted, the record and appeal was lodged in this court by the clerk of the lower court on the return date on which said same date the filing fee required by the rules of this court were paid by counsel for appellants.
Article 2126 LSA-C.C.P. provides:
"Art. 2126. Payment of costs
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal."
It is now settled jurisprudence that the purpose of Article 2126, supra, and LSA-C.C.P. 2127, requiring the clerk of the trial court to lodge the appeal within the time provided by law, is to divide responsibility between the appellant and clerk of the trial court as regards perfection of an appeal so that the appellant will not be penalized for delays or remissions over which he has no control. If appellant timely pays the fees required by law but the clerk of the trial court nevertheless fails or omits to timely complete the record or lodge the appeal, the responsibility for such dereliction rests upon the trial court clerk and not the appellant. Brasher v. Department of Highways, La.App., 151 So.2d 542.
However, it is equally well settled that whereas the clerk of the trial court is not required to lodge the record with the appellate court where the costs and filing fees are not timely paid by appellant, if the clerk does nevertheless timely file the record in the appellate court and the appellate court's filing fee is paid, appellant's failure to comply with the cost statute relative to the trial court clerk becomes moot. Matlock v. Allstate Insurance Company, La.App., 153 So.2d 776. Such is the case in the instant matter. It follows, therefore, appellee's motion to dismiss these appeals for alleged failure to timely pay appeal costs is not well taken and must be denied.
*782 It is ordered that the suspensive appeal taken by appellants, Alton Bellue, James E. Shealy and Virgil B. Webb, be and the same is hereby dismissed.
It is further ordered that appellee's motion to dismiss the devolutive appeal taken herein be and the same is hereby overruled and rejected and the instant appeal maintained as a devolutive appeal only.