HIGGINBOTHAM, J.
Defendant, John Ferguson, appeals the trial court's judgment granting partial summary judgment regarding liability in favor of plaintiff, Tomica Simon.
FACTS AND PROCEDURAL HISTORY
On October 31, 2016, Ms. Simon was traveling southbound on Interstate 110 in East Baton Rouge Parish when she was hit from behind by Mr. Ferguson. On December 8, 2016, Ms. Simon filed suit against Mr. Ferguson; Master Vac Industrial Services, LLC, Mr. Ferguson's employer; and National Union Fire Insurance Company, contending that she was injured as a result of the accident and requesting damages. While a trial date was pending, Ms. Simon filed a motion for partial summary judgment on the issue of liability. Following a hearing, the trial court granted Ms. Simon's motion for partial summary judgment. A judgment was signed in conformance with the trial court's ruling on April 19, 2018. It is from this judgment that Mr. Ferguson appeals.
RULE TO SHOW CAUSE
After examination of the record, which revealed that the April 19, 2018 judgment at issue appeared not to be a final appealable ruling, this court, ex proprio motu , issued a rule to show cause as to why the appeal should or should not be dismissed.
*13 The April 19, 2018 judgment was signed as follows, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Partial Summary Judgment regarding liability is hereby GRANTED .
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment is final and thus appealable pursuant to La. C.C.P. Art. 1915.
Mr. Ferguson filed a responsive brief to this court's show cause order arguing that the judgment should be considered final because the judgment contains language disposing of the claims in this matter. In the alternative, Mr. Ferguson requested that this court exercise its supervisory jurisdiction, convert the appeal to a writ in the interest of judicial efficiency, and address the merits of the assigned errors regarding the imposition of liability on him. The rule to show cause was referred to the panel hearing the merits of the appeal.
LAW AND ANALYSIS
We cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. Texas Gas Exploration Corporation v. Lafourche Realty Company, Inc. , 2011-0520, 2011-0523 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1061, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698.
I. Partial Final Judgment
Louisiana Code of Civil Procedure article 1915 authorizes the immediate appeal of partial final judgments, including partial summary judgments, with an appropriate designation by the trial court. The April 19, 2018 judgment addressing only liability is a partial summary judgment under the provisions of La. Code Civ. P. art. 966(E),[1] and falls squarely within the parameters of La. Code Civ. P. art. 1915(B). Thus, La. Code Civ. P. art. 1915(B)(1) requires that the trial court designate a partial summary judgment as a final judgment after an express determination that there is no just reason for delay. In the absence of such a determination and designation, the judgment shall not constitute a final judgment for the purpose of an immediate appeal. La. Code Civ. P. art. 1915(B)(2). In this case, the trial court struck through the portion of the judgment which sought to certify this partial judgment as final and appealable. As the trial court did not designate the partial judgment as final and appealable, the judgment remains interlocutory, and the appeal is not properly before this court.
II. Decretal Language
Additionally, for a judgment to be a final judgment it must contain appropriate decretal language. See Carter v. Williamson Eye Center , 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. Importantly, for the language to be considered decretal, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Id. These determinations should be evident from the language of a judgment without reference to other documents in the record. Laird v. St. Tammany Parish Safe Harbor , 2002-0045, 2002-0046 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 366. The absence of the necessary decretal language *14 means that the judgment is not final and appealable.
Here, the judgment which Mr. Ferguson wishes to appeal merely provides that plaintiff's motion for partial summary judgment regarding liability is granted. The judgment neither identifies the losing party (where there are multiple defendants) nor the dispositive relief granted. That information is only determinable from reference to the motion for summary judgment itself. It is impossible to determine, without resort to extrinsic evidence, what relief was ordered or even who was found liable for the accident. Accordingly, as written, the judgment lacks the required decretal language and is not a final appealable judgment.
III. Conversion to an Application for Supervisory Writs
The judgment in this case is not a final appealable ruling because it is a partial final judgment without a designation of finality by the trial court, and it does not contain appropriate decretal language. This court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See Stelluto v. Stelluto , 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs of review under Rule 4-3 of the Uniform Rules, Courts of Appeal, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. See Mapp Construction, LLC v. Amerisure Mutual Insurance Company , 2013-1074 (La. App. 1st Cir. 3/24/14), 143 So.3d 520, 528 ; see also Reed v. Finklestein , 2001-1015 (La. App. 4th Cir. 1/16/02), 807 So.2d 1032, 1033-34, writ denied, 2002-0550 (La. 4/26/02), 814 So.2d 560.
However, when the jurisdictional defect lies in the non-finality of a judgment (as opposed to an appeal from an interlocutory judgment), an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of a judgment containing the requisite precise, definite, and certain decretal language necessary for appellate review. This is because in the absence of precise, definite and certain decretal language, the judgment is defective, and this court lacks jurisdiction to review the merits, even if we were to convert the matter to an application for supervisory writs. See Boyd Louisiana Racing, Inc. v. Bridges , 2015-0393, 2015-0395 (La. App. 1st Cir. 12/23/15), 2015 WL 9435285, *4 (unpublished). The April 19, 2018 judgment not only was interlocutory, but also lacked proper decretal language. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of precise language to an application for supervisory writs of review.
CONCLUSION
For the foregoing reasons, we dismiss the appeal and remand to the district court for further proceedings. Appeal costs are assessed to defendants, Mr. John Ferguson, Master Vac Industrial Services, LLC, and National Union Fire Insurance Company.
APPEAL DISMISSED; REMANDED.
McClendon, J., concurs.

Louisiana Code Civil Procedure article 966(E) provides: "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties."