STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0365

DEANO MARRERO

VERSUS

I. MANHEIM AUCTIONS, INC., GREATER NEW ORLEANS AUTO
AUCTION, INC., AND NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA

Judgment Rendered: _____ NOV 1 9 2019 _____

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2016-15427

Honorable William H. Burris, Judge Presiding

*************

| | |
|---|---|
| Charles M. Thomas<br>Steven M. Huber<br>Ashley L.F. Barriere<br>New Orleans, LA | Counsel for Plaintiff/Appellant,<br>Deano Marrero |
| Brian K. Abels<br>Rhonda S. Smith<br>Blake F. Harris<br>Denham Springs, LA | Counsel for Defendant/Appellee,<br>National Union Fire Insurance<br>Company of Pittsburg, PA |

*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

**WHIPPLE, C.J.**

This case is before us on appeal by plaintiff, Deano Marrero, from a judgment of the district court granting a motion for summary judgment filed by National Union Fire Insurance Company of Pittsburg, PA., one of the defendants herein. For the reasons that follow, we dismiss the appeal and remand this matter to the district court.

## FACTS AND PROCEDURAL HISTORY

On December 19, 2016, plaintiff, Deano Marrero, filed suit, naming as defendants: I. Manheim Auctions, Inc., Greater New Orleans Auto Auction, Inc., and National Union Insurance Company of Pittsburg, PA ("National Union"). In the petition, plaintiff sought damages for injuries allegedly resulting from a fall at the Greater New Orleans Auto Auction, Inc./Manheim facility in Slidell, Louisiana.

After answering the petition, National Union filed a motion for summary judgment, seeking dismissal of plaintiff's claims pursuant to LSA-C.C.P. art. 2317.1. Following a hearing, the district court granted the motion for summary judgment. On December 12, 2018, the district court signed a judgment containing the following language:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
> that the Motion for Summary Judgment filed on behalf of defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, is granted, and plaintiff's claims are dismissed, with prejudice, and at plaintiff's costs.

Plaintiff then filed the instant appeal.

After the record was lodged in this court, we issued a rule, *ex proprio motu,* ordering the parties to show cause by briefs why the instant appeal should not be dismissed as having been taken from a non-final judgment, i.e., a judgment not final for purposes of immediate appeal. Specifically, the December 12, 2018 judgment at issue on appeal grants National Union's motion for summary

2

judgment, but does not dismiss any party, and further dismisses "plaintiff's claims," but does not indicate against which defendant. Thus, on its face, the judgment is defective in that it is not clear whether the judgment dismisses plaintiff's claims against any or all three defendants.

## DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants, see Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*), as this court's appellate jurisdiction extends only to "final judgments." See LSA-C.C.P. art. 2083(A); Rose v. Twin River Development, LLC, 2017-0319 (La. App. 1st Cir. 11/1/17), 233 So. 3d 679, 683.

A valid judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045, 2002-0046 (La. App. 1st Cir. 12/20/02), 836 So. 2d. 364, 365. Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Devance v. Tucker, 2018-1440 (La. App. 1st Cir. 5/31/19), 278 So. 3d 380, 380. These determinations should be evident from the language of the judgment without reference to other documents in the record. See Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 268 So. 3d at 1046. In a case with multiple plaintiffs or defendants, the failure to name the plaintiff(s) or defendant(s) for or against whom the judgment is rendered makes the judgment fatally defective because one cannot discern from its face for or against whom it may be enforced. See Jenkins v. Recovery Technology Investors, 2002-1788 (La. App. 1st Cir. 6/27/03), 858 So.2d 598, 600.

3

As set forth above, upon examination of the district court record, we found the December 12, 2018 judgment, on its face, to be ambiguous as to the specific relief granted. Because the judgment provides that "plaintiff's claims are dismissed," and the case involves multiple named defendants, this court was unable to determine the party or parties in favor of whom the ruling was ordered, as well as the exact relief granted or denied by the judgment. Thus, prior to dismissing this appeal, by order dated September 3, 2019, we provided the parties an opportunity to be heard and ordered the parties to show cause by briefs whether the appeal should be dismissed for lack of a final judgment.

Plaintiff filed a response to this court's order, recognizing that the December 12, 2018 judgment was defective and advising that, in an attempt "to cure the defect," he had procured an amended judgment, which was signed by the district court on September 17, 2019. Thus, plaintiff sought to supplement the record on appeal with the subsequent amended judgment.

However, jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order for a devolutive appeal. LSA-C.C.P. art. 2088(A). Further, an appellate court not only has an independent duty to consider whether it has subject matter jurisdiction over the matter, but also has the sole authority to determine whether an appeal is properly before it once the trial court's jurisdiction has been divested. Hernandez v. Excel Contractors, Inc., 2018-1091 (La. App. 1st Cir. 3/13/19), 275 So. 3d 278, 284 (citing Gros v. STMG Lapeyre, LLC, 2014-0848 at p. 3 (La. App. 1st Cir. 5/6/15) (unpublished) and Downey v. Bellue, 178 So. 2d 778, 781 (La. App. 1st Cir. 1965)).[1]

---

[1] Once the jurisdiction of the trial court is divested, "the appellate court alone may determine whether an appeal is properly before it." This right in the appellate court "rests solely within the power and jurisdiction of the appellate court by virtue of its supervisory jurisdiction over the lower tribunal." Gros v. STMG Lapeyre, LLC, 2014-0848 at p. 3, citing Downey v. Bellue, 178 So. 2d at 781.

4

Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter, which is at the time reviewable under the appeal. Hernandez v. Excel Contractors, Inc., 275 So. 3d at 283; see also LSA-C.C.P. art. 2088. Although the trial court may still correct any misstatements, irregularities or informalities, or omission of the trial record as provided in LSA-C.C.P. art. 2132, there is no authority for a trial court to correct a judgment after it is divested of jurisdiction. Costanza v. Snap-On Tools, 2013-0332, 2013-0333 p. 4 (La. App. 1st Cir. 3/5/14), (unpublished). Thus, even when an appellate court ultimately determines that it lacks appellate jurisdiction, jurisdiction over the issues and the parties is divested from the trial court upon the signing of the order of appeal. Hernandez v. Excel Contractors, Inc., 275 So. 3d at 283-284.

In response to this court's order directing the parties to show cause by briefs why the appeal should not be dismissed, plaintiff attempted to cure the defect in the judgment by procuring an amended judgment from the district court after the order of appeal was signed, when the district court was divested of jurisdiction. However, in view of this court's en banc decision in Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 268 So. 3d at 1046, this matter was not remanded by this court, nor did we issue an interim order vesting limited jurisdiction in the district court to amend the judgment and supplement the record on appeal. See Gros v. STMG Lapeyre, LLC, 2014-0848 at p. 4 (where, pursuant to this Court's show cause order, which instructed that the appellate record be supplemented with the amended judgment, the trial court obtained limited jurisdiction to amend the judgment). Thus, because there is no authority for the trial court to correct a judgment after it is divested of jurisdiction, the September 17, 2019 amended judgment is not properly before us. See Hernandez v. Excel Contractors, Inc., 275 So. 3d at 283.

5

In sum, in response to the directives set forth in this court's show cause order, the parties have failed to establish or otherwise show by briefs that the December 12, 2018 judgment is a valid final judgment. Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the order or judgment, the ruling on which this appeal is based is not a final appealable judgment. In the absence of a valid final judgment clearly stating the party or parties in favor of whom the ruling is ordered and the exact relief granted or denied by the judgment, we are constrained to conclude that this court lacks subject matter jurisdiction and the appeal must be dismissed. See Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 268 So. 3d at 1046-1047; Devance v. Tucker, 278 So. 3d at 380. Accordingly, we dismiss the appeal and remand this matter to the district court for further proceedings and entry of a final appealable judgment. See Contin-U-Care Outreach Services, LLC v. Gee, 2018-1530 (La. App. 1st Cir. 5/31/19), ___ So. 3d ___, ___; Costanza v. Snap-On Tools, 2013-0332 at p. 4.[2] In view of our ruling, we will also deny the motion to supplement the record with a judgment rendered while the trial court lacked jurisdiction.

## CONCLUSION

For the above and foregoing reasons, plaintiff's motion to supplement the record is denied; plaintiff's appeal of the district court's December 12, 2018 judgment is dismissed; and this matter is remanded to the district court.

---

[2] The parties herein have not requested that we review the judgment under this court's supervisory jurisdiction. Nonetheless, we note that an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. See Simon v. Ferguson, 2018-0826 (La. App. 1st Cir. 2/28/19), 274 So. 3d 10, 14. Accordingly, we decline to exercise our discretion to convert this appeal, of a judgment that is not final for lack of precise, definite and certain decretal language, to an application for supervisory writs. See Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 268 So. 3d at 1046; Simon v. Ferguson, 274 So. 3d at 14; Boyd Louisiana Racing, Inc. v. Bridges, 2015-0393, 2015-0394, 2015-0395 p. 4, (La. App.1st Cir. 12/23/15) (unpublished).

6

We decline to assess costs pending the rendition of a final judgment.

**MOTION TO SUPPLEMENT DENIED; APPEAL DISMISSED; REMANDED.**