# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2019 CA 0957

## TRAVIS W. BOND

### VERSUS

## LOUISIANA PURCHASE EQUESTRIAN ESTATES, LLC

*Judgment Rendered:* **FEB 2 1 2020**

\*\*\*\*\*\*\*\*

Appealed from the 21st District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 147879

The Honorable Charlotte H. Foster, Judge Presiding

\*\*\*\*\*\*\*

A.M. "Tony" Clayton
Michael P. Frugé
Michael C. Hendry
Port Allen, Louisiana

R. Gary Higgins
Covington, Louisiana

Brian K. Abels
Rhonda S. Smith
Diana L. Tonagel
Denham Springs, Louisiana

Michael P. Bienvenu
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellant
Travis Bond

Counsel for Defendant/Appellee
Louisiana Purchase Equestrian
Estates, LLC, Gordon "Paco"
Swain, Jr., Individually,
Gary Perkins, Individually, and
Paco Swain Realty, LLC

Counsel for Defendant /Appellee in
Main Demand/Paco Swain Realty,
LLC

Will Montz                                  Counsel for Defendant/Appellee
Michael J. Pantaleo                         Continental Casualty Company
Lafayette, Louisiana

\*\*\*\*\*\*\*\*

BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**Lanier, J.**

In the instant appeal, plaintiff, Travis W. Bond, challenges the judgment of the district court sustaining an exception raising the objection of *res judicata* filed by defendants, Louisiana Purchase Equestrian Estates, LLC ("LPEE"), Paco Swain Realty, LLC, Gordon "Paco" Swain, Jr., and Gary W. Perkins. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

According to the record, this litigation stems from a dispute concerning a tract of land located in Walker, Louisiana, in a residential subdivision called Louisiana Purchase Equestrian Estates. The subdivision was developed by LPEE, a Louisiana business entity that subdivided and sold lots within the subdivision.

In 2014, plaintiff, Travis W. Bond, purchased Lot 36 in the subdivision. Plaintiff alleges that after he began clearing the lot in preparation to build his home, he discovered two drainage canals that traversed his lot. According to plaintiff, LPEE, through its two members, Gordon "Paco" Swain, Jr. and Gary W. Perkins, agreed to pay costs associated with backfilling the canals to make Lot 36 suitable for plaintiff's home. However, plaintiff asserts that LPEE refused to pay the bill he submitted for the remediation work. Plaintiff filed the instant suit against LPEE seeking damages related to the drainage canals and the remediation work.

In response, LPEE filed a motion for summary judgment, which was granted in open court in August 2016. In a written judgment signed on February 1, 2017, the district court granted, in part, LPEE's motion for summary judgment, dismissing "all claims in plaintiff's original petition except plaintiff's detrimental reliance claim for reimbursement of the remediation costs after he purchased the

3

lot from defendant."[1] Plaintiff subsequently discovered that Lot 36 was situated in an area classified as wetlands. Plaintiff filed a supplemental and amending petition, adding Mr. Swain and Paco Swain Realty, LLC, as defendants, and asserting claims against all defendants for, among other things, redhibition, breach of warranty, and negligent misrepresentation; he subsequently filed second and third supplemental and amending petitions to add newly discovered insurance carriers.

Thereafter, on January 14, 2019, plaintiff filed his fourth supplemental and amending petition for damages, adding Mr. Perkins as a defendant and asserting claims against him individually, based on new evidence plaintiff alleged was obtained through discovery. In response, the defendants (LPEE, Mr. Swain, Mr. Perkins, and Paco Swain Realty, LLC) filed various exceptions, including an exception raising the objection of *res judicata*, asserting that the claims in plaintiff's fourth supplemental and amending petition were barred by *res judicata* due to the prior judgment on LPEE's motion for summary judgment.

---

[1] According to the record, the defendants filed what they allege was an "unopposed" motion to modify the February 1, 2017 judgment seeking to have final decretal language added to the judgment. The district court signed a new judgment on the summary judgment on October 17, 2019, and, on December 12, 2019, the defendants filed an *ex parte* motion and order with the district court to supplement the appeal record with the October 17, 2019 modified judgment. The district court signed the motion to supplement on December 15, 2019, and the appeal record was supplemented accordingly. In response to said supplement, on January 6, 2020, plaintiff filed a "Motion to Vacate Judgment and Strike Portion of Record and/or to Remand to Trial Court for Clarification and/or to Consolidate Appeals and Stay Proceedings Pending Such Consolidation" (hereinafter "Motion to Vacate"). In the Motion to Vacate, plaintiff asserts that the modification/revision of the February 1, 2017 judgment on the partial motion for summary judgment was not unopposed and, thus, should be vacated and not considered by this court in the instant appeal and/or remanded to the district court for clarification. Moreover, plaintiff notes that out of an abundance of caution, on December 20, 2019, he filed a separate appeal of the October 17, 2019 modified judgment on the motion for summary judgment. Because we ultimately dismiss the instant appeal, we deny the Motion to Vacate as moot.

4

Following a hearing, the district court granted the exception raising the objection of *res judicata*. On April 22, 2019, the district court signed a judgment containing the following language:

> The Court, having reviewed the pleadings and considering the evidence and argument of counsel, the peremptory Exception of Res Judicata is hereby **GRANTED**, dismissing plaintiff's Fourth Supplemental and Amending Petition, with prejudice and at plaintiff's cost. The remaining Exceptions to plaintiff's Fourth Supplemental and Amending Petition are deemed MOOT.

Plaintiff then filed the instant appeal.

After the record was lodged in this court, we issued a rule, *ex proprio motu*, ordering the parties to show cause by briefs why the instant appeal should not be dismissed as having been taken from a non-final judgment, *i.e.*, a judgment not final for purposes of immediate appeal. Specifically, the April 22, 2019 judgment at issue on appeal fails to specifically identify the party or parties in favor of and against whom judgment is rendered.

## DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La. App. 1 Cir. 11/19/19), ___ So.3d ___, ___, 2019 WL 6167832, *1; **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc). This court's appellate jurisdiction only extends to "final judgments." **Rose v. Twin River Development, LLC**, 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So. 3d 679, 683; see also La. Code Civ. P. art. 2083(A).

A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So. 2d. 364, 365. Moreover, a final appealable judgment must contain decretal

5

language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Matter of Succession of Weber**, 2018-1337 (La. App. 1 Cir. 4/29/19), 276 So.3d 1021, 1026-1027. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete Solutions**, 268 So. 3d at 1046. Thus, a judgment that does not contain decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. See **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.

In the instant appeal, we found the April 22, 2019 judgment to be ambiguous as to the specific relief granted. This court was unable to determine the party or parties in favor of who the ruling was ordered. Thus, by order dated August 5, 2019, prior to dismissing this appeal, we provided the parties an opportunity to be heard and ordered the parties to show cause by briefs whether the appeal should be dismissed for lack of a final appealable judgment.

Plaintiff filed a response to this court's order, arguing that while the April 22, 2019 judgment "did not readily identify the parties for which [it] was rendered for and against, the exceptions were filed (and the relief requested) by all of the named defendants against Appellant — there were no other parties." Plaintiff added further that in the event that this court determines that the judgment lacks the required specificity, he had filed a motion with the district court to modify the April 22, 2019 judgment "to reform the judgment to more particularly reflect the specific decretal language identified" in this court's show cause order. Thereafter, plaintiff sought to supplement the record on appeal with the subsequent amended judgment, which was signed by the district court on September 9, 2019. Plaintiff's motion to supplement the appeal record was referred to the merits by order of this

court dated October 28, 2019. The defendants filed a response, agreeing that the April 22, 2019 judgment was not in proper form and that the appeal should be dismissed.

An appellate court not only has an independent duty to consider whether it has subject matter jurisdiction over the matter, but also has the sole authority to determine whether an appeal is properly before it once the trial court's jurisdiction has been divested. **Hernandez v. Excel Contractors, Inc.**, 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So. 3d 278, 284.[2] Jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order for a devolutive appeal. La. Code Civ. P. art. 2088(A). Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter that is at the time reviewable under the appeal. **Hernandez**, 275 So. 3d at 283; see also La. Code Civ. P. art. 2088.

Although pursuant to La. Code Civ. P. art. 2132 the trial court may correct any misstatements, irregularities or informalities, or omission of the trial record, there is no authority for a trial court to correct a judgment after it is divested of jurisdiction. **Costanza v. Snap-On Tools**, 2013-0332 (La. App. 1 Cir. 3/5/14), 2014 WL 886021, *4 (unpublished). Thus, even when an appellate court ultimately determines that it lacks appellate jurisdiction, jurisdiction over the issues and the parties is divested from the trial court upon the signing of the order of appeal. **Hernandez**, 275 So. 3d at 283-284.

As previously discussed, plaintiff attempted to cure the defect in the April 22, 2019 judgment by procuring an amended judgment from the district court after

---

[2] Once the jurisdiction of the trial court is divested, "the appellate court alone may determine whether an appeal is properly before it." This right in the appellate court "rests solely within the power and jurisdiction of the appellate court by virtue of its supervisory jurisdiction over the lower tribunal." **Gros v. STMG Lapeyre, LLC**, 2014-0848 (La. App. 1 Cir. 5/6/15), 2015 WL 2169680, *3 (citing **Downey v. Bellue**, 178 So. 2d 778, 781 (La. App. 1 Cir. 1965).

the order of appeal was signed, when the district court was divested of jurisdiction. However, we note that the instant matter was neither remanded by this court, nor did we issue an interim order vesting limited jurisdiction in the district court to amend the judgment and supplement the record on appeal. See **Gros v. STMG Lapeyre, LLC**, 2014-0848 (La. App. 1 Cir. 5/6/15), 2015 WL 2169680, *4 (pursuant to this court's show cause order, which instructed that the appeal record be supplemented with an amended judgment, the trial court obtained limited jurisdiction to amend the judgment). Thus, because there is no authority for the district court to correct a judgment after it is divested of jurisdiction, the September 9, 2019 amended judgment is not properly before us. See **Hernandez**, 275 So. 3d at 283.

Accordingly, because the parties have failed to establish that the April 22, 2019 judgment is a valid final judgment, and because the judgment lacks sufficient decretal language, ascertainable from the four corners of the order or judgment, the ruling on which this appeal is based is not a final appealable judgment. Therefore, in the absence of appropriate decretal language, the judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, this court lacks appellate jurisdiction to review this matter and we must dismiss this appeal. **Advanced Leveling & Concrete Solutions**, 268 So. 3d at 1046-1047.[3] Moreover, in light of our ruling herein, we deny plaintiff's motion to supplement the appeal record with the September 9, 2019 amended judgment, a judgment that was rendered while the district court lacked jurisdiction.

---

[3] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Nonetheless, we note that an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. See **Simon v. Ferguson**, 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So. 3d 10, 14. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393 (La. App. 1 Cir. 12/23/15) 2015 WL 9435285, *4 (unpublished).

## CONCLUSION

For the above and foregoing reasons, plaintiff's appeal of the district court's April 22, 2019 judgment is dismissed; plaintiff's Motion to Vacate is denied as moot; and plaintiff's motion to supplement the appeal record is denied. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED; MOTION TO VACATE DENIED AS MOOT; MOTION TO SUPPLEMENT DENIED.**