# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2020 CA 1252

## JOSEPH LOUIS ST. ROMAIN

### VERSUS

## DELTA SOUTHERN CO., INC., ET AL.

Judgment rendered: **JUN 1 6 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge, State of Louisiana
No. 679833

The Honorable Max N. Tobias, Jr.,[1] Judge Presiding

* * * * *

<table>
<tr><td>Mickey P. Landry<br>Philip C. Hoffman<br>Matthew C. Clark<br>Jefferson B. Goldman<br>Frank J. Swarr<br>New Orleans, Louisiana</td><td>Attorneys for Plaintiff/Appellant<br>Joseph Louis St. Romain</td></tr>
<tr><td>H. Minor Pipes, III<br>Stephen L. Miles<br>Susan M. Rogge<br>New Orleans, Louisiana</td><td>Attorneys for Defendant/Appellee<br>Liberty Mutual Insurance</td></tr>
</table>

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

---

[1] The Honorable Max N. Tobias, Jr., is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

**HOLDRIDGE, J.**

This is an appeal from a trial court judgment granting in part and denying in part the plaintiffs' partial motion for summary judgment and the defendant's motion for summary judgment. For the following reasons, we dismiss the appeal.

### FACTS AND PROCEDURAL HISTORY

On February 20, 2019, the plaintiff, Joseph Louis St. Romain, filed a petition for damages against several defendants,[2] including Delta Southern, Co., Inc. (Delta) and its insurer, Liberty Mutual Insurance Company (Liberty). In his petition, the plaintiff sought damages from the defendants alleging that he contracted mesothelioma as a result of asbestos exposure spanning from approximately 1959-1965 while employed as a welder or welder's helper at facilities owned and operated by Delta.

After the plaintiff filed his third supplemental and amended petition[3] for damages, Liberty filed an answer and affirmative defenses generally denying all of the plaintiff's claims. On August 27, 2019, the plaintiff died and his heirs were later substituted as the plaintiffs.[4] On March 3, 2020, Liberty filed a motion for summary judgment alleging that the plaintiffs' claims against Liberty should be dismissed because the plaintiffs could not meet their burden of proving insurance coverage under any Liberty policy. That same day, the plaintiffs filed a motion for partial summary judgment regarding the policy type. Following a hearing on August 18, 2020, the trial court signed a judgment on September 2, 2020 that granted in part and denied in part the plaintiffs' motion for partial summary

---

[2] Several other defendants were named in the plaintiff's petition for damages, but they have been dismissed or they are irrelevant to the instant matter.

[3] We note that the plaintiff supplemented and amended his petition for damages six times. The plaintiff's fourth and fifth supplemental and amended petitions for damages did not involve claims against Liberty.

[4] Catherine Bowden St. Romain, Joseph Louis St. Romain, Jr., and Melinda Ann Marshall were substituted as the plaintiffs in this case.

2

judgment regarding policy type and granted in part and denied in part Liberty's motion for summary judgment. The September 2, 2020 judgment contained the following language:

> **JUDGMENT IS RENDERED AS FOLLOWS**: (1) [the] Plaintiffs' Partial Motion for Summary Judgment Regarding Policy Type is hereby granted in part and denied in part, clarifying and amending the court's 2 July 2020 ruling, finding that the [workers'] compensation/employer's liability policy issued by [Liberty] to Southwest Fabricating, LLC was an "occurrence policy," not a "claims-made" policy, and thus judgment is rendered in favor of the defendant, [Liberty], in that regard holding further ... all claims under any comprehensive general liability policy are dismissed with prejudice; [2] [Liberty's] motion for summary judgment filed on or about 28 February 2020 is granted in part and denied in part, and accordingly, no comprehensive general liability policy was issued by Liberty ... to [Mr.] St. Romain's employer during the relevant time frame that would apply to the claims of the plaintiffs or [Mr.] St. Romain; (3) Provision III (c) of the [Liberty's workers'] compensation/employer's liability policy at issue is poorly drafted and [significantly] ambiguous, however, [Mr.] St. Romain suffered bodily injury by disease, namely mesothelioma, while working for [Liberty's] insured, which is not bodily injury by accident; (4) Only [Liberty's] workers' compensation/employer's liability policy that might trigger coverage is that policy for years 1965-66, and accordingly [the plaintiffs'] claim[s] as to all other [workers'] compensation/employer liability policies of [Liberty] are dismissed; and (5) Exclusion (e) of [Liberty's] workers' compensation/employer's liability policy provides coverage B to bodily injury by disease only if prior to 36 months after the end of the policy period a written claim is made or suit is brought against [Liberty's] insured for damages because of injury or death resulting from a disease.

On September 23, 2020, the plaintiffs devolutively appealed the trial court's judgment. After the record was lodged in this Court, we issued a rule, *ex proprio motu*, ordering the parties to show cause by briefs why the instant appeal should not be dismissed because it was taken from a non-final judgment. Specifically, the rule stated that the September 2, 2020 judgment at issue on appeal appeared to lack the appropriate decretal language disposing of and/or dismissing the plaintiffs' claim(s) because it was not possible to determine, from the judgment alone, if the judgment resolved all claims in their entirety. Thus, on its face, the judgment was

3

defective in that the specific relief granted was not determinable from the judgment. See State by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd., 2017-0448 (La. App. 1 Cir. 2/8/18), 242 So.3d 597, 602.

Thereafter, on March 10, 2021, the parties filed a "JOINT MOTION AND INCORPORATED MEMORANDUM TO CLARIFY OR ALTERNATIVELY TO AMEND JUDGMENT" in the trial court. In the motion, the parties acknowledged that the trial court did not designate the September 2, 2020 judgment as a final judgment and did not dismiss Liberty from the suit. Therefore, the parties requested that the trial court amend the September 2, 2020 judgment in accordance with La. C.C.P. art. 1951[5] and dismiss with prejudice all of the plaintiffs' claims against Liberty. On March 15, 2021, the trial court executed an order[6] stating the following:

> **IT IS ORDERED** that the Judgment of this Court, executed on September 2nd, 2020, in the matter of the Motion for Summary Judgment [by] Defendant Liberty ... and the Partial Motion for Summary Judgment of the successors and survivors of [Mr.] St. Romain, was intended to be a final, appealable judgment dismissing with prejudice all claims of [the] Plaintiffs against Liberty. Therefore, the Judgment shall be amended to clarify the Court's intent. This in no way alters the substance of the [Judgment.]
>
> **IT IS [ORDERED]** that the September 2, 2020 Judgment is hereby amended to include ... the following language:
>
> (6) This [Judgment] is FINAL, and all of Plaintiffs' claims against Liberty are **DISMISSED WITH PREJUDICE.**

---

[5] Louisiana Code of Civil Procedure article 1951 provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

[6] We note that Judge Trudy M. White was the presiding judge who issued the March 15, 2021 order.

4

Thereafter, the parties sought to supplement the record on appeal with the subsequent amended judgment. See Marrero v. I. Manheim Auctions, Inc., 2019-0365 (La. App. 1 Cir. 11/19/19), 291 So.3d 236, 239.

## LAW AND DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. See La. C.C.P. art. 2083(A); Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*), holding that this Court's appellate jurisdiction extends only to "final judgments"; see also Rose v. Twin River Development, LLC, 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So.3d 679, 683.

A valid judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045, 2002-0046 (La. App. 1 Cir. 12/20/02), 836 So.2d. 364, 365. Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. DeVance v. Tucker, 2018-1440 (La. App. 1 Cir. 5/31/19), 278 So.3d 380, 382. These determinations should be evident from the language of the judgment without reference to other documents in the record. See Advanced Leveling & Concrete Solutions, 268 So.3d at 1046.

The jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, upon the granting of the order of appeal. La. C.C.P. art. 2088(A); Marrero, 291 So.3d at 239. An appellate court not only has an independent duty to consider whether it has subject matter jurisdiction over the matter, but also has the sole authority to determine whether an

appeal is properly before it once the trial court's jurisdiction has been divested. Marrero, 291 So.3d at 239; Hernandez v. Excel Contractors, Inc., 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So.3d 278, 284 (citing Gros v. STMG Lapeyre, LLC, 2014-0848 (La. App. 1 Cir. 5/6/15), 2015 WL 2169680, at *3 (unpublished) and Downey v. Bellue, 178 So.2d 778, 781 (La. App. 1 Cir. 1965). Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter which is at the time reviewable under the appeal. See La. C.C.P. art. 2088; Hernandez, 275 So.3d at 283.

Although the trial court may still correct any misstatements, irregularities or informalities, or omission of the trial record as provided in La. C.C.P. art. 2132, there is no authority for a trial court to correct a judgment after it is divested of jurisdiction.[7] Marrero, 291 So.3d at 239; Costanza v. Snap-On Tools, 2013-0332, 2013-0333 (La. App. 1 Cir. 3/5/14), 2014 WL 886021, at *4 (unpublished). Thus, even when an appellate court ultimately determines that it lacks appellate jurisdiction, jurisdiction over the issues and the parties is divested from the trial court upon the signing of the order of appeal. Marrero, 291 So.3d at 239; Hernandez, 275 So.3d at 283-284.

After the record was lodged and this Court issued a rule, *ex proprio motu*, the parties attempted to cure the defective September 2, 2020 judgment by procuring an amended judgment dated March 15, 2021 from the trial court. The March 15, 2021 judgment was obtained after the order of appeal was signed that divested the trial court's jurisdiction. However, this case was neither remanded by this Court, nor did we issue an interim order vesting limited jurisdiction in the trial

---

[7] Louisiana Code of Civil Procedure article 2132 provides:

> A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

court to amend the judgment and supplement the record on appeal.[8] Thus, because there is no authority for the trial court to correct a judgment after it is divested of jurisdiction, the March 15, 2021 amended judgment is not properly before this Court. See Bond v. Louisiana Purchase Equestrian Estates, LLC, 2019-0957 (La. App. 1 Cir. 2/21/20), 299 So.3d 120, 125-26, Hernandez, 275 So.3d at 283.[9]

Accordingly, we find that the parties have failed to establish that the September 2, 2020 judgment is a valid final judgment or that it dismissed all of the claims against Liberty. See La. C.C.P. art. 1915(A). The judgment lacks sufficient decretal language, its intent is not ascertainable from the four corners of the judgment, and it is difficult to understand exactly what relief the trial court was granting. Therefore, the judgment on which this appeal is based is not a final appealable judgment. In the absence of appropriate decretal language, the September 2, 2020 judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, this Court lacks appellate jurisdiction to review this matter and we must dismiss this appeal in view of this Court's *en banc* decision in Advanced Leveling & Concrete Solutions, 268 So.3d at 1046-1047,

_____

[8] See Gros v. STMG Lapeyre, LLC, 2014-0848 (La. App. 1 Cir. 5/6/15), 2015 WL 2169680, at *4 (unpublished) (pursuant to this Court's show cause order, which instructed that the appeal record be supplemented with an amended judgment, the trial court obtained limited jurisdiction to amend the judgment.) After this Court's ruling in Advanced Leveling & Concrete Solutions, 268 So.3d at 1046-1047, it is doubtful that this Court has the authority to issue such an order.

[9] This Court is constrained to follow the precedent established in the First Circuit cases that hold there is no authority for the trial court to correct a defective judgment after the order of appeal is signed by the trial court. See Bond v. Louisiana Purchase Equestrian Estates, LLC, 2019-0957 (La. App. 1 Cir. 2/21/20), 299 So.3d 120, 125-26; Marrero, 291 So.3d at 239-40; Hernandez, 275 So.3d at 283-284. These cases do not address the legal quagmire created when neither the Court of Appeal nor the trial court has jurisdiction over a case when the proposed final judgment is defective and the trial court has signed an order of appeal. In such cases, the parties and the trial court must wait until the Court of Appeal acts to recognize that it lacks subject matter jurisdiction before any further steps can be taken. The more reasoned approach would be to follow the rationale of the Louisiana Supreme Court case, In re Interdiction of Gambino, 2020-00312 (La. 6/3/20), 296 So.3d 1046 (*per curiam*), wherein the Supreme Court held "[i]n the interest of justice and judicial economy, the court of appeal is directed to supplement the record with the district court's [judgment] and to consider [the] appeal on the merits." In Gambino, the trial court issued an order after the subject judgments and orders of appeal were signed, designating the judgment as final under La. C.C.P. art. 1915(B). If we were to follow Gambino, this Court would not have to dismiss this appeal, but could consider the amended judgment and render a decision on the merits.

7

which held that in the absence of a valid final judgment this Court lacks subject matter jurisdiction and the appeal should be dismissed. Therefore, we dismiss this appeal.[10]

## CONCLUSION

For the above reasons, we dismiss the appeal of the September 2, 2020 judgment. We further dismiss the answer to the appeal filed by the defendant, Liberty Mutual Insurance Company, because it is based on a nonappealable judgment. Due to our holding in this matter, we will not address the plaintiffs' motion to file a supplemental brief. Costs of this appeal are assessed equally between the parties.

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED.**

---

[10] We recognize that this Court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See Stelluto v. Stelluto, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Nonetheless, we note that an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. See Simon v. Ferguson, 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So. 3d 10, 14. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See Boyd Louisiana Racing, Inc. v. Bridges, 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *4 (unpublished).

# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## 2020 CA 1252

**JOSEPH LOUIS ST. ROMAIN**

**VERSUS**

**DELTA SOUTHERN CO., INC., ET AL.**

**McDONALD, J., concurring.**

In Footnote 9, the majority points out the legal quagmire created by this court's current precedent under which a trial court has no jurisdiction to correct a judgment after having signed the order of appeal, and under which this court also has no jurisdiction over that same judgment, because that judgment does not qualify as a final, appealable judgment.

I agree that, in the present case, the "more reasoned approach" would be for this court to consider the trial court's March 15, 2021 amended judgment and render a decision on the merits.

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT
2020 CA 1252

JOSEPH LOUIS ST. ROMAIN

VERSUS

DELTA SOUTHERN CO., INC, ET AL.

PENZATO, J., concurs.

I concur, and write separately to address the majority's suggestion that the more reasoned approach in this case would be to follow the rationale of the Louisiana Supreme Court in *In re Interdiction of Gambino*, 2020-00312 (La. 6/3/20), 296 So. 3d 1046 (per curiam), and consider the amended judgment and render a decision on the merits. I find *Gambino* is distinguishable in that it involved a certification order issued pursuant to La. C.C.P. art. 1915(B), and the Louisiana Supreme Court reasoned that neither La. C.C.P. art. 1915(B) nor other provision of Louisiana law establishes a time delay for filing a motion to certify a judgment as final. This case involves the lack of decretal language, and thus, I do not believe that the rationale of the Louisiana Supreme Court in *Gambino* should be extended to this case.